## *In re* CARVER'S ESTATE.

1. An order of county court, allowing a claim against an estate, recited that the administrator was present, took part in the examination of witnesses, but that he declined to regularly appear in person or by attorney. *Held*, that the circuit court erred in denying motion of claimant to dismiss administrator's appeal from the order.

2. A return to a citation to an administator, from a county court, to appear and defend against a claim filed twenty days after the hearing and two days after entry of the order thereon, does not change the character of the order when rendered, as on default.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Meade county. Hon. A. J. PLOWMAN, Judge.

Appeal from order of circuit court refusing to dismiss an appeal by an administrator of an estate, taken from an order of the county court allowing claim of claimant against said estate. Reversed.

The facts are stated in the opinion.

*Frank McLaughlin, W. B. Dwinnell,* and *Wesley A. Stuart,* for appellant.

*McLaughlin & McLaughlin,* for respondent.

HANEY, J. The administrator of the estate of C. O. Carver, deceased, appealed to the circuit court from an order or judgment of the county court allowing a claim against the estate in favor of one William Hanke, and directing the payment of such claim. Hanke moved the circuit court to dismiss the appeal, for the reason, among others, that the order appealed from was rendered by default. The motion was denied, and a judgment rendered disallowing the claim. From this judgment the claimant appealed to this court..

The motion to dismiss in the circuit court was based upon the record of the county court. The order of that court recites that the administrator "was present, took part in the examination of witnesses, but stated that he declined to regularly appear in person or by attorney." For the purposes of this appeal, these recitals must be taken as true. If the order was rendered or made upon the administrator's default, he could not appeal. Comp. Laws, § 5963. That he was in default seems too clear for argument. He not only failed to make return to the citation, but expressly declined to appear in person or by attorney. A return filed twenty days after the hearing and two days after entry of the order does not change the character of the order when rendered. It was made upon default because the administrator expressly declined to have it made otherwise. He cannot now contend that he appeared in the face of his absolute refusal to do so when the hearing was had. The judgment of the circuit court is reversed, and the cause remanded, with instructions to dismiss the appeal.

Petition for rehearing pending.