(28 App. Div. 371.)

KING et al. v. ROSS.

(Supreme Court, Appellate Division, First Department. April 22, 1898.)

1. APPEARANCE—RIGHT TO APPEAL.
In an action brought for the determination of a claim for real estate, the defendant answered, and at the trial appeared solely for the purpose of demanding a jury trial, and, that demand having been denied, withdrew. *Held* that, the defendant having appeared and taken part in the trial to some extent, she was entitled to appeal.

2. RIGHT TO JURY TRIAL—CLAIM TO REAL ESTATE.
In such an action, which is purely statutory, and authorized by Code Civ. Proc. § 1638 et seq., the defendant is entitled to a jury trial only if he alleges facts upon which he bases an affirmative claim in his answer that he be adjudged to have an estate in the premises.

Appeal from special term, New York county.

Action by William Dehon King and others against Eugenia A. Web-ster Ross. From a judgment entered for plaintiffs, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Abram Kling, for appellant.
George L. Rives, for respondents.

RUMSEY, J. This was an action brought for the determination of a claim for real estate; the plaintiffs claiming as the heirs at law of William Henry King, deceased, and alleging that the defendant, Eugenia A. Webster Ross, unjustly claims to own said lands in fee simple absolute. The complaint asked for a judgment that the defendant might be enjoined from setting up any claim to be the heir at law of William Henry King, and that she and all persons claiming under her might be barred from any claim to said lands, and that the plaintiffs might be adjudged to be the owners thereof in fee simple. The answer, after containing certain denials, admitted that the defendant claimed to own said lands in fee simple absolute, but denied that she made such claim unjustly; and, for relief, she asked simply that the complaint be dismissed. Upon that state of the pleadings, the action came on for trial at a special term. The defendant appeared, as is stated in the case, solely for the purpose of demanding a jury trial, and, upon that demand having been denied, withdrew from further participation in the trial, which thereupon proceeded without the further presence of anybody representing the defendant, and resulted in a judgment for the plaintiffs, from which this appeal is taken.

As the defendant appeared at the trial, and took part in it, to some extent at least, the judgment was not rendered upon a default, and the defendant is therefore entitled to appeal. The only question raised by her is whether she was entitled to a jury trial; and, if she was not, no reason for complaint is shown upon the record. The action is purely statutory, and is authorized by section 1638 and the subsequent sections of the Code of Civil Procedure, which are substantially a re-enactment of the Revised Statutes upon the same subject. It is in its essential nature an action to quiet title, and one of which the courts of chancery had original jurisdiction to a qualified extent. Nicoll v. Trustees, 1 Johns. Ch. 166; Wickliffe v. Owings, 17 How. 47; Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495. The only difference between the equitable action and this action for the determination of the claims to real property is found in the fact that, after this action has been commenced, the law permits the defendant, who is brought in as a claimant, to set up his own title, and to demand affirmative relief, as in an action of ejectment; and it provides that, when that has been done, if the defendant asks for affirmative relief, the subsequent proceedings, including the trial, judgment, and execution, are the same as if it were an action of ejectment. Code Civ. Proc. § 1642. If, however, the defendant makes no claim for affirmative relief, the action proceeds precisely as any other action to quiet title,

and is tried on the equity side of the court. at a special term, and without a jury. The defendant is entitled to a jury trial only if she alleges facts upon which she bases a claim in her answer that she shall be adjudged to have an estate in the premises, but otherwise she is not entitled to a jury. There is nothing of that kind in this case. The defendant sets up no estate. She simply denies that she unjustly claims to own the land, and she makes no request for any affirmative judgment. She is clearly, therefore, not within that provision of the statute which entitled her to have the proceedings continued as in an action of ejectment, and the ruling of the court at the special term was right.

So far as the extra allowance itself is concerned, we can see no reason to interfere with it. It appears that, after the defendant had withdrawn from the case at special term, a trial was had, at which testimony was taken, resulting in a judgment for the plaintiffs. It must be assumed that all necessary facts were made to appear before the court at that trial to warrant it in making every determination which it did make, including the determination as to the amount of an extra. allowance. The judgment must therefore be affirmed, with costs.

The defendant also appeals from a subsequent order made at special term, denying the motion to set aside the order granting an extra allowance. The order denying the motion to set aside the allowance was clearly correct. It was simply an effort to obtain from one judge an order overruling the determination of another judge, which was entirely unwarranted. This order must also be affirmed, with costs. All concur.

