CITIZENS TRUST COMPANY OF UTICA, N. Y., Respondent, *v.* R. PRESCOTT AND SON, INC., Appellant. (Appeal No. 2.)

Fourth Department, June 28, 1927.

**Depositions — notice to examine two defendants and certain witnesses — error to set aside notices on ground of bad faith.**

This is an action on a trade acceptance. It was error for the court to vacate notices to examine two defendants and certain witnesses, on the ground that the examination of the witnesses was sought for the purpose of delaying the trial of the action, and that the examination of the codefendants was not sought in good faith.

APPEAL by the defendant, R. Prescott and Son, Inc., from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Oneida on the          day of                    192  , vacating and setting aside notices for the taking of certain depositions before trial.

*Pierce & Holcombe* [*Thomas E. O'Brien* of counsel], for the appellant.

*Dunmore, Ferris & Dewey* [*W. Chase Young* of counsel], for the respondent.

SAWYER, J. This is one of five appeals taken in this action, all being argued and decided concurrently herewith. The history of the case is recited in the opinion of Mr. Justice SAWYER on the appeal from the judgment and need not be here repeated in detail. (*Citizens Trust Co.* v. *Prescott & Son, Inc., Nos. 3, 4 & 5,* 221 App. Div. 426.)

Without fault on its part, defendant Prescott and Son, Inc., found itself faced with an order setting the case down for trial on March 21, 1926, and with only five days in which to make preparation therefor. Investigation led counsel to think necessary an examination of its codefendants and the depositions of two witnesses, all of whom lived more than 100 miles from the designated place of trial. Notices for same, one returnable at Plattsburg, N. Y., upon the thirty-first day of March and the other three in the city of New York the first day of April, were prepared and on the twenty-first day of March counsel appeared at the Trial Term in Utica, stated the situation to the court and asked that the case be adjourned sufficiently long to permit the deposition to be taken before the trial. This was done and the trial adjourned to the opening of the Trial Term scheduled to be held in the city of Rome on the fourth day of April following. So far as appears none of

the persons whose examination and testimony was desired objected thereto, but plaintiff, after the notices were served, moved to vacate and set all four aside, on the grounds that the matters concerning which it was sought to examine were not material or necessary to the defense of the action; the affidavits used on the motion also inferentially allege bad faith.

The motions to vacate were heard, with the consent of defendant's counsel, on the twenty-eighth day of March, and after the argument the learned court vacated the notices in their entirety on the sole ground, as is recited in the order, that the examination of the defendants was not sought in good faith and that the depositions of the witnesses were sought to be taken for the purpose of delaying the trial of this action.

Certain affirmative defenses set up in the answer had shortly before been held to be good and sufficient by the learned justice before whom these motions were argued, and it appears from an examination of the pleadings that some, at least, of the matters concerning which it was sought to examine these defendants and witnesses were germane to those defenses. In that circumstance we are not prepared to say they were not necessary and material to defendant; especially as the merits of the motion were not considered and the decision was had solely on the ground of defendant's bad faith.

It is true that the time in which these depositions were to be taken was short, but it was nevertheless long enough to permit of their taking prior to the trial. One was to be held at Plattsburg on March thirty-first, the other three in the city of New York on April first; the trial was set down for April fourth. What may have been said to the court on the argument we cannot tell, but we have searched the record diligently for any facts from which it may be held that these notices were served in other than good faith and with the expectation that the examination and depositions would be taken at the time for which they were noticed and in time for the trial, but find none. It is true that the action had been at issue several months before the notices were served, but, as has been pointed out in the companion cases, the circumstances were such as to relieve defendant from the just charge of delay in preparing his case for trial; when the need therefor was suddenly thrust upon it, counsel seems to have moved with considerable diligence.

We ordinarily hesitate to interfere with such an order, but where there is nothing whatever to indicate bad faith, a defendant should be relieved from an inhibition based thereon and given opportunity to proceed with his defense.

The order should be reversed, with ten dollars costs and disbursements.

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Order granting motion to vacate notice of taking four depositions reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.