426   Citizens Trust Co. *v.* Prescott & Son, Inc.   Nos. 3, 4 & 5.

Fourth Department, June, 1927.                         [Vol. 221

---

Citizens Trust Company of Utica, N. Y., Respondent, *v.* R. Prescott and Son, Inc., and Others, Appellants. (Appeals Nos. 3, 4 & 5.)

Fourth Department, June 28, 1927.

Trial — conduct of trial — action on trade acceptance — trial court should have granted stay on defendants' application to permit examination before trial — permission to plaintiff to file answering affidavits nunc pro tunc was proper — defendants being forced to trial made further motion for delay but took no other part in trial — defendants' appearance was general although stated as special — judgment for plaintiff was not default judgment and is appealable — defendants should have been permitted formally to amend answer to allege partial payment — order settling case is modified by striking out one of plaintiff's amendments.

This is an action on a trade acceptance. Issue was joined August 29, 1926, and the plaintiff moved to strike out the answer and for summary judgment, and, in the alternative, asked that the second and third separate answer and defense, together with that pleaded as a partial defense, be stricken out as insufficient in law. This motion came on to be heard on October 16, 1926, but was not disposed of by the trial justice. On March 15, 1927, defendants' attorneys were advised by wire that the case was on the day calendar for the next day. Defendants' counsel appeared and asked that the case be put over the term since they had been unable to prepare for trial, especially in view of the fact that the prior motion for summary judgment had not been determined, and they were not certain as to what issues would be tried. The trial justice, before whom the motion was made, then orally denied the motion and set the case down for trial on the following Monday, March 21, 1927. Defendants' counsel then served notices for examination of the plaintiff, certain defendants and witnesses, and on the day set for trial again asked that the case go over the term or that it be postponed for two weeks in order that the examination might be had. The case was then set for trial at the opening of the April term on April 4, 1927. On March 28, 1927, plaintiff's motion to set aside the notice and subpœnas was heard, and the notice for the examination of the plaintiff was modified and those for the examination of other witnesses with the *subpœnas duces tecum* vacated and set aside, on the ground that the examination was not sought in good faith as to the plaintiff and that the examination of witnesses was sought only for the purpose of delaying the trial. Notices for examination were returnable on March 28, 1927, March 31, 1927, and April 1, 1927, and the case was set down for April 4, 1927. The defendants' counsel then appealed from the

orders setting aside the notices and the subpœna, and on April 4, 1927, again appeared and asked that the case be adjourned to the Trial Term next succeeding the determination of the appeals, that an order be entered staying plaintiff from further proceedings pending the determination of the appeals, and that permission be given to serve an amended answer, pleading payment to plaintiff, upon account of the trade acceptance, knowledge of which had just come to defendants. Said motion was denied with the exception that permission was given to defendants informally to amend the answer on the trial, and plaintiff was granted permission to serve and file affidavits within two months in support of its oral argument. Trial was moved immediately and the defendants' counsel, while appearing, took no active part therein.

While defendants' counsel stated that he appeared specially and renewed the application at the beginning of the trial, nevertheless his appearance was general and not special, for special appearance is permitted only for attacking the jurisdiction of the court over either the subject-matter or the person of the party. Therefore, while defendants' counsel took no active part in the trial, nevertheless the judgment was not a default judgment and the defendants had a right to appeal therefrom.

While motions to postpone trial are addressed to the discretion of the trial court, nevertheless, when that discretion is abused, the Appellate Division will not hesitate to refute it and protect the rights of the party who has been forced to trial unprepared. It is evident that the defendants were proceeding with all due diligence and were not endeavoring, by their motions, to delay the trial, but simply to prepare their case so that it might be presented in proper manner, and, therefore, it was error for the court to force the defendants to trial without a proper preparation of the case.

The defendants, having learned shortly before the trial that the plaintiff had received certain moneys in partial payment of the acceptance, and that it failed properly to apply the same, were entitled to amend their answer to allege said payment, and it was error, under the circumstances, for the court to deny the defendants the right formally to amend the answer and grant it merely the right informally to amend on the trial.

The show cause order of April 4, 1927, having been served on plaintiff's counsel about noon on April 2, 1927, it was proper for the court to permit plaintiff to state the facts relied upon in opposition to the motion and to give permission to counsel later to incorporate them in an affidavit to be filed with the other papers used, and while the order did not limit the plaintiff's counsel to a statement in the affidavit of the facts stated on the argument and allowed counsel two months in which to prepare the affidavits, nevertheless, the order is permitted to stand.

The order of the court permitting certain amendments to the case on appeal is modified by striking therefrom the allowance of plaintiff's second amendment.

APPEAL by the defendants, R. Prescott and Son, Inc., and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 5th day of August,      ; also from an order of the Supreme Court made at the Oneida Trial Term and entered in said clerk's office on the 11th day of April, 1927, denying defendants' application to postpone the trial until the Trial Term next succeeding the determination of certain appeals pending, to stay further proceedings

428   Citizens Trust Co. *v*. Prescott & Son, Inc.   Nos. 3, 4 & 5.

Fourth Department, June, 1927.                    [Vol. 221

by plaintiff pending such determination, and denying defendants' application for leave to serve an amended answer setting up the defense of payment and permitting the plaintiff to serve and file such answering affidavits to the motion, as it might be advised, not later than June 1, 1927, and also from an order entered in said clerk's office on the          day of          1927, allowing certain amendments to the proposed case, as proposed by the respondent herein, and as so amended settling the case.

*Pierce & Holcombe* [*Thomas E. O'Brien* of counsel], for the appellants.

*Dunmore, Ferris & Dewey* [*W. Chase Young* of counsel], for the respondent.

Sawyer, J. These appeals have their origin in motions to postpone the trial of this action and the facts are so interwoven that it is impracticable to discuss either by itself; we, therefore, for the purposes of this opinion, will treat them as one.

The action is to recover on a trade acceptance issued by the defendant Prescott, accepted by a corporation known as the Thermiodyne Radio Corporation, indorsed by the defendants Levy and Guibord, subsequently indorsed by the defendant Prescott and negotiated to plaintiff. The only defendant served is R. Prestcott and Son, Inc. Issue was joined August 29, 1926, by an answer which, after the usual denials, set up two separate and complete defenses and a partial defense addressed to the amount, if any, due upon the claim. Plaintiff moved to strike out the answer and for summary judgment and, in the alternative, asked that the second and third separate answer and defense, together with that pleaded as a partial defense, be stricken out as insufficient at law; this motion came on to be heard the 16th day of October, 1926, when the justice presiding at the term took the briefs and held the motion for later consideration and determination. Nothing further was done until Tuesday, March 15, 1927, when plaintiff's attorneys advised defendant's attorneys, by wire, that the case was upon the day calendar for Wednesday. This telegram was received between three and four o'clock in the afternoon and obviously too late for preparation for a trial of that importance the following morning. At the opening of court on Wednesday, the sixteenth, defendant's counsel appeared and on calendar call stated, in substance, that the motion being as yet undetermined, with consequent uncertainty as to whether summary judgment would be granted or, if not, what issues would under the order of the court remain to be tried, he had been unable to get ready for trial and asked that the case go over the term, offering to give

a bond for the payment of any judgment that might be rendered in the action.   Thereupon the justice presiding, and before whom the motion for summary judgment was pending, orally denied the motion in its entirety and summarily set the case for trial at Utica the following Monday, March twenty-first.

No appeal has been taken from this order and it, therefore, establishes the law of the case, making it incumbent on defendant to prepare for trial on the issues as joined. (*Barber* v. *Rowe*, 200 App. Div. 290.)   In their preparations for the trial defendant's counsel became satisfied that certain facts relied on by the defense must be developed from some or all, the plaintiff, its codefendants, the Thermiodyne Radio Corporation or certain of its officers and trustees in bankruptcy.   They at once prepared the necessary notices for such examination, issued *subpœnas duces tecum* for the production of records and papers which they deemed necessary to investigate, and on Monday, the twenty-first, again appeared before the court and requested that the case either go over the term or be postponed for at least two weeks that they might prepare for the trial by the examination mentioned.   This motion was opposed by plaintiff but after argument the case was ordered set for trial at the opening of the Trial Term appointed to be held in the city of Rome the 4th day of April, 1927.   The notices for the proposed examinations, together with *subpœnas duces tecum*, etc., were duly served either that day or shortly thereafter, one being returnable at Utica upon March twenty-eighth, one at Plattsburg March thirty-first and three in the city of New York on the first of April.

Plaintiff forthwith moved to set aside the notices and subpœna on the grounds, among others, that the same were unnecessary and that the matters upon which it was sought to examine were not material or necessary to the defense of the action.   This motion was, by consent, heard March twenty-eighth when the notice for the examination of plaintiff was somewhat modified and those for the examination of other witnesses, together with the *subpœna duces tecum*, entirely vacated and set aside; the learned justice, as is recited in his order, based his action in setting aside the intended examination of defendant's codefendants on the ground that the same was not sought in good faith, while that of the witnesses was only sought for the purpose of delaying the trial of the action.

These orders were made on March twenty-eighth; the notices were respectively returnable on that day, on March thirty-first and on April first.   The case was set down for trial on April fourth.   From a comparison of these dates it will be seen that the taking of such examination demanded diligence; there was nevertheless sufficient

430  Citizens Trust Co. *v.* Prescott & Son, Inc.  Nos. 3, 4 & 5.

Fourth Department, June, 1927.                    [Vol. 221

time for it to be done prior to the opening of the trial. With the issues as they had been settled by the court, at least some of the matters set out in each notice were fairly within the purview of the action. A party is not ordinarily charged with the duty of preparing a case for trial until its issues are established. (*Koppel Industrial C. & E. Co.* v. *Portalis & Co., Ltd.*, 205 App. Div. 144, 147.) Defendants seem to have acted with diligence immediately the original motion was denied. The demand to examine these various individuals smacks of nothing beyond ordinary care and caution and, so far as appears, evidences nothing other than an expectation to proceed to trial on April fourth.

From these orders defendant at once appealed. It then prepared affidavits setting forth the history of the action and obtained an order that plaintiff show cause, returnable at the opening of the Trial Term in Rome on Monday, April fourth, why: (a) The trial of the action should not be adjourned to the Trial Term next succeeding the determination of the appeals. (b) An order should not be entered staying plaintiff from further proceedings pending the determination of the appeals. (c) Defendants should not be permitted to serve an amended answer pleading a payment to plaintiff upon an account of said trade acceptance, knowledge of which had only just come to the defendant and its attorneys. Upon the return of this order to show cause the court denied defendant's applications for a postponement and for a stay, together with its application for leave to serve an amended answer, which last denial was qualified by a permission to informally so amend the answer upon trial. It further ordered that plaintiff might be permitted to serve and file affidavits " in support of its oral argument and statements made in opposition to said motion as it may be advised, such affidavits to be served and filed not later than June 1, 1927, and to be so served and filed *nunc pro tunc* with the same force and effect as if served and filed at the time of the argument of the said motion on April fourth, 1927."

Immediately after this disposition of defendant's motion, plaintiff moved the case for trial and waived a jury. Defendant appeared by its counsel, filed certain papers, the identity of which it is difficult to discover from the record but which from the briefs we learn to have been those upon which the formal motion to postpone had been argued, and renewed its application to put the case over the term and for an adjournment pending the appeals " which application was presented at the opening of court to the court, and the renewed application is based upon all the grounds stated at the opening of court in the argument upon the order to show cause herein."

This application was denied and an exception taken by defendant, who took no further part in the trial, the entire record of which is contained upon one printed page and resulted in judgment in favor of plaintiff for a sum in excess of $16,000.

From both the order denying its motion for postponement and the judgment defendant has appealed. To the case, as prepared by defendant, plaintiff proposed certain amendments, all of which were allowed by the learned trial justice and from which allowance defendant has likewise appealed. If the judgment is one taken by default, under the law as it is conclusively settled, no appeal therefrom will lie. (Civ. Prac. Act, § 557; *Hawkins* v. *Smith*, 91 Hun, 299, 300; *Flake* v. *Van Wagenen*, 54 N. Y. 25; *First Nat. Bank* v. *Fleitmann*, 168 App. Div. 75; *Teeter* v. *Daniel*, 177 id. 903; *Cohen, Goldman & Co.* v. *Ellmann*, 202 id. 787; *Keller* v. *Feldman*, 2 Misc. 179; *Forgotson* v. *Becker*, 39 id. 813.) In the instant case a different situation from that involved in those above cited is presented. In each of them the decision is predicated on an actual default. Here defendant regularly appeared by attorney; had answered and, from the beginning, been actually engaged in an effort to protect its alleged rights and to avoid judgment against it. It appeared by attorney on the trial and moved for a postponement and stay upon the same grounds as had been theretofore urged by it in a similar motion on papers; it filed those papers in connection with its renewed motion and, when overruled, duly excepted on the record. Its default, if any, must be entirely based upon a statement of counsel that it " appears specially by its counsel, Wallace E. Pierce, and renews the application," etc.

A special appearance is permitted only for the purpose of attacking the jurisdiction of the court over either the subject-matter or the person of the party. (*DeGraff* v. *DeGraff*, 128 N. Y. Supp. 672; *Rogers* v. *Gould*, 210 App. Div. 15; *Muslusky* v. *Lehigh Valley Coal Co.*, 225 N. Y. 584.) The word " appearance " means a voluntary submission to the jurisdiction in whatever form manifested (*People* v. *Cowan*, 146 N. Y. 348), and one who appears and participates in the proceeding, notwithstanding he states his appearance is only special, if it be for any purpose other than assailing the jurisdiction of the court, is deemed to have appeared generally. (*Matter of Macaulay*, 27 Hun, 577; *Matter of Atterbury*, 222 N. Y. 355, 362.)

It is our opinion that, under the authorities, the appearance was general, notwithstanding the limiting statement, and having participated to some extent in the trial the judgment against defendant is not one by default.

The situation is similar to that in *King* v. *Ross* (28 App. Div.

371) where the defendant appeared solely for the purpose of demanding a jury trial and, that demand having been denied, withdrew and the trial proceeded, without further presence of anybody representing the defendant, resulting in judgment for plaintiffs from which appeal was taken. Mr. Justice RUMSEY, writing for the First Department, said (p. 372): " As the defendant appeared at the trial and took part in it, to some extent, at least, the judgment was not rendered upon a default, and the defendant is, therefore, entitled to appeal."

Motions to postpone trials are of necessity addressed largely to the discretion of the trial court and it is only in exceptional instances that its action thereon will be interfered with. Where, however, its discretion is so exercised as to needlessly deprive a party of undoubted rights or prevent him from presenting a theory of the case, apparently submitted in good faith, the appellate tribunal will not hesitate to assert its authority.

From the receipt of the telegram advising it that the case was on the day calendar for the following morning, defendant seems to have done all that should be required from it. Whatever may have been said in the heat of oral argument to lead the court to believe it was playing for delay, is not shown by the record. It is but natural it should wait for the disposition of a motion which, if adverse, would dispose of the action. Its defense as pleaded had been held to be a legal one and it was entitled to a fair opportunity to procure the evidence requisite to sustain it. Its offer to give security, made in open court and repeated before us on argument of the appeal, seems to clear it from the charge of bad faith. If the claim of plaintiff is well founded, it will suffer no harm from a trial where the facts may all be adduced. If it is not lawfully entitled to recover, justice requires that defendant be given an opportunity to make that manifest.

Shortly before the trial defendant learned of facts indicating that plaintiff had received certain moneys in partial payment of this acceptance and failed to properly apply same thereto; in some respects the correctness of its information seems to be sustained by the supplemental affidavit of plaintiff's counsel verified the 20th day of May, 1927. If the facts are as claimed, they would doubtless serve to reduce any recovery plaintiff might otherwise have. In its disposition of the motion on April fourth, the court declined to permit defendant to make and serve an amended answer that would properly allege those facts, but provided that the answer could be so amended at the trial. This disposition evidently was based on the opinion of the learned court that defendant was prepared and would go to trial if forced to do so;

that permission to interpose formal amendment to its answer would only bring delay which could be avoided by permitting an informal amendment. The exigency then prevailing does not now exist and it is in the interest of orderly practice that the pleadings be in form and complete before a new trial is entered upon.

The show cause order of April fourth with its foundation affidavits, was served on plaintiff's attorney at about noon of Saturday, April second. It must be admitted that plaintiff's time to prepare answering affidavits was short. Such situations are not uncommon and it is ordinarily the practice of the court to permit counsel to state the facts relied on in opposition to the motion and give permission to later incorporate them in an affidavit and file with the other papers used.

Apparently the justice before whom the show cause order was returned adopted that procedure in the present instance, but the order as entered in nowise limits the affidavits to be filed to the matters and statements presented on the oral argument in opposition. On the contrary, it authorizes plaintiff to file such affidavits in support of the oral argument and statements as it may be advised, and allows it two months in which to prepare them. An examination shows the affidavits, when filed, not to have been made by any of plaintiff's officers or employees, but by its trial counsel. From the briefs we gather that certain of its statements were not made at the oral argument but on the whole it seems not improper that it be permitted to stand.

From the record we are unable to definitely determine in what particulars the original case was changed by the first and second proposed amendments. The briefs make clear, however, that the second amendment struck out the affidavits and show cause order that were used .on the motion to adjourn of April fourth and referred to in the renewed motion made at the opening of the trial.

We are of the opinion that plaintiff is entitled to have those stand as a part of the record of the trial.

Summarizing our conclusions and for the reasons above stated, we decide that —

*First,* the order refusing to postpone the trial and grant a stay should be reversed, except as to the 4th paragraph thereof which permits the filing of plaintiff's answering affidavits at a later date. As to that paragraph the order should be affirmed. The motion should be granted to the extent of permitting the defendant to serve an amended answer.

*Second,* the order settling the case should be modified by striking therefrom the allowance of plaintiff's second amendment, so that

28

as finally settled the case shall contain as a part of the trial record the show cause order granted by Hon. John K. Collins, Clinton county judge, returnable April 4, 1926, together with the affidavits and other papers upon which same was granted, and as so modified the order should be affirmed.

*Third,* the judgment appealed from should be reversed, with costs to appellant to abide the event, and a new trial directed.

All concur.   Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

Judgment reversed on the law and facts, and a new trial granted, with costs to appellant to abide the event.

Order denying motion to postpone trial and to serve amended answer reversed, except as to that part which permits plaintiff to file answering affidavits at a later date and as to that part it is affirmed, without costs of this appeal to either party, and the motion is granted to the extent of permitting defendant to serve an amended answer.

Order settling case on appeal modified by striking therefrom the allowance of plaintiff's second amendment, so that as finally settled the case shall contain as a part of the trial record the show cause order granted by Hon. John K. Collins, Clinton county judge, returnable April 4, 1926, together with the affidavits and other papers upon which same was granted, and as so modified the order is affirmed, without costs on this appeal to either party.