JAY-WASHINGTON REALTY CORPORATION, Respondent, v. BENJAMIN KOONDEL et al., Individually and as Copartners Trading as KOONDEL & RUBIN BROS., Appellants.

First Department, June 28, 1944.

**118**

*Meyer D. Siegel* of counsel (*Samuel S. Schwartz,* attorney), for appellants.

*Frank H. Cooper* of counsel (*Nichols & Belford,* attorneys), for respondent.

GLENNON, J. The plaintiff, as owner of 31 Jay Street, borough of Manhattan, city of New York, entered into a written lease with the defendants for a store and certain cellar and office space for the term of one year commencing May 1, 1942, at an annual rental of $7,500 payable in equal monthly installments. By an instrument dated March 13, 1943, executed by the parties, the term of the lease was extended for one year from May 1, 1943, and included an additional store in premises 29 Jay Street also owned by the plaintiff.

It appears that on February 29, 1944, Mr. Belford, attorney of record for the plaintiff, acting as its attorney and agent, had a conversation with the defendants concerning an extension of the lease for an additional period of one year commencing May 1, 1944. On the following day, March 1, 1944, he wrote to the defendants enclosing a proposed renewal of the lease which he asked the defendants to execute and return. On March 7th, the lease not having been returned, Mr. Belford spoke to one of the defendants over the telephone and inquired as to the reason for the defendants' failure to return the executed lease to him as he had directed. This defendant replied that there were two matters which had been agreed upon between the parties which were not covered in the lease. One concerned a claim for extra rental of fifteen dollars per month because of the use of the sidewalk by a subtenant of the defendants, and the other, permission to sublet to a truckman who used the sidewalk. Mr. Belford in effect said that he was sorry to have overlooked those particular matters and he suggested that the proposed lease be returned to him, apparently for the purpose of making the necessary changes.

Under date of March 10th the defendants wrote the attorneys for the owner enclosing the written renewal lease which had been executed by them. The acknowledgment was dated March 3, 1944. The record shows however that the envelope was postmarked March 13th. Two days later the attorneys for the

owner wrote to the defendants in substance that the proposed renewal had been withdrawn with the knowledge of the defendants on March 7th, and that they had been further advised to the same effect in telephone conversations. The concluding paragraph of the letter read as follows: " You will please take notice that the landlord has leased the premises to another tenant. You are hereby notified to quit the premises, as provided in your present lease on its termination, at noon on April 30, 1944, without delay and, in default thereof, appropriate proceedings will be commenced forthwith to remove you."

By letter of March 17th, defendants replied in part: " We intend to remain here based on the renewal of the lease for one year."

This action is brought for a declaratory judgment. In effect the plaintiff asked to have it adjudged that the lease of the defendants which expired on April 30, 1944, was not in fact renewed for a further term of one year as claimed by the defendants.

The defendants interposed an answer on April 18th in which they set up two affirmative defenses, the first in brief being that the lease had been renewed orally on February 29th, and the second being based on the execution of the proposed written renewal of the lease.

Subsequently the plaintiff moved at Special Term, Part III, for an injunction restraining the defendants from continuing in possession after 12 o'clock noon on April 30, 1944. The motion was denied on condition that the plaintiff immediately serve and file a note of issue. The clerk was directed to place the case at the head of the Ready Day Calendar for trial on April 26, 1944, upon the filing of the note of issue and payment of the required fee.

The case was placed upon the calendar as directed. The defendants applied for an adjournment based upon the ground, among others, that they were not ready to proceed with the trial, and further that the time to serve an amended answer had not expired. Their application was denied and the following day the case again appeared upon the calendar. An application for adjournment was again made and denied, and the case finally was sent to one of the parts for trial. The defendants with their attorneys appeared before the Trial Justice and renewed the application for an adjournment. The court, on being apprised of what had happened in the Calendar Part, marked the case ready for trial, whereupon the trial counsel and the attorney of record for the defendants withdrew from further participation.

We think it unfortunate that these defendants were not permitted to have a reasonable adjournment within which to prepare their case for trial. The questions at issue between these parties are exceedingly important, not only to them but to the tenant who obtained a lease of the premises sometime during the middle of the month of March. The court might well have found that defendants' lease had been extended as a result of the agreement entered into between the parties on February 29th, even though the term was not to commence until May 1st. An oral lease to take effect in the future is just as valid as a written one. (*Ward* v. *Hasbrouck*, 169 N. Y. 407.)

Since defendants appeared before the Trial Justice at Special Term and made several motions, including an application for trial by jury, the attempted withdrawal on their part was not sufficient to render the judgment thereafter entered one taken by default. (*King* v. *Ross*, 28 App. Div. 371; *Citizens Trust Co.* v. *Prescott & Son, Inc.*, 221 App. Div. 426.) As a consequence defendants were not precluded from appealing as they would have been had there simply been an inquest.

The reasoning of Mr. Justice HAMMER on the motion made to vacate the judgment was entirely correct. As he pointed out in his opinion, he did not have the power to vacate the judgment since there had been a trial of the issues.

The matter of the application for the right to trial by jury under the form of the pleadings which are involved here was purely a discretionary matter.

Since we are of the opinion that the defendants were well within their rights in refusing to proceed with the trial on the date fixed at Special Term, the order entered April 24, 1944, should be reversed, and the order entered May 2, 1944, affirmed. The judgment appealed from should also be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Order entered April 24, 1944, unanimously reversed and order entered May 2, 1944, affirmed. Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.