In the Matter of the Estate of GEORGE HARRIS, Deceased. THE PEOPLE OF THE STATE OF NEW YORK, Appellant; DOROTHY HARRIS, Respondent.

Fourth Department, May 27, 1953.

*Nathaniel L. Goldstein, Attorney-General (Michael P. Geraci, Wendell P. Brown* and *Matthew A. Tiffany* of counsel), for appellant.

*Vernon R. Wells* for respondent.

*Per Curiam.* By decree dated October 3, 1952, and on that same day entered in Erie County Surrogate's Court, it was adjudged that one Dorothy Harris is the lawful wife, sole heir and next of kin of George Harris, deceased, and as such, entitled to his estate.

George Harris, deceased, and Dorothy Harris were married in the city of Buffalo, N. Y. on November 24, 1933. They separated in 1937 and thereafter lived apart. Decedent died May 31, 1950. Following his death, one Leah Davis instituted a proceeding by petition praying that Frank S. DiFiglia, as administrator of the estate of George Harris, deceased, be cited to show cause why a claim for services in the amount of $2,950 should not be allowed and paid. The citation issued was directed to the administrator alone. In some informal manner which does not clearly appear, the Attorney-General of the State of New York on behalf of the People, and Vernon R. Wells, an attorney on behalf of Dorothy Harris, appeared on a hearing of the claim and opposed its allowance.

No proof of service of citation upon Dorothy Harris is shown by the record. It is conceded that she did not appear personally in the proceeding nor does the record disclose that she waived service of citation. The record also fails to disclose that Vernon R. Wells who appeared on behalf of Dorothy Harris ever obtained or filed authority in writing to so appear on her behalf. There was thus a failure to comply with the provisions of sections 41 and 63 of the Surrogate's Court Act. (See *Matter of Blumenstiel*, 248 App. Div. 533.)

The record also fails to disclose that Dorothy Harris ever took any proceeding in Surrogate's Court to establish her right to the estate of George Harris as his widow. The only proceeding before the Surrogate was that instituted by Leah Davis to determine the validity of her claim for services claimed to have been rendered to the decedent during his lifetime. It was in that proceeding that the Surrogate made the decree appealed from.

In the absence of any proceeding by Dorothy Harris and the failure of the record to disclose any appearance by her in the proceeding instituted by Leah Davis, we are at a loss to understand how the Surrogate acquired any jurisdiction to make and enter the decree appealed from. Under such circumstances, we are not in a position to determine the validity of the decree upon its merits. It follows that the decree should be reversed on the law and facts, without costs.

All concur. Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Decree reversed on the law and facts, without costs of this appeal to any party.