S. Samuel Di Falco, S.
This is an application by one of the distributees for an order opening the proceeding instituted by decedent’s husband under section 206 of the Surrogate’s Court Act. That proceeding has been decided in the petitioner’s favor.
It is the contention of the moving party that she was not served with citation or notice of the application in the reverse discovery proceeding. This statement is challenged by the process server, but in any event, the objection has been waived by the movant in failing to appear specially on this application. The cases are clear that by submitting to the court’s jurisdiction without qualifying her appearance specially, the jurisdictional objection is waived. (Dreskin v. Dreskin, 73 N. Y. S. 2d 764; Braman v. Braman, 236 App. Div. 164.) Furthermore, it is equally clear under the authorities that an attack upon the merits of the proceeding constitutes a general appearance. (Citizens Trust Co. v. Prescott & Son, 221 App. Div. 426.) The moving papers very definitely assert just such a challenge.
The grounds relied upon by the moving party in support of her application, apart from the traverse of service of process, failed to meet the standards imposed by subdivision 6 of section 20 of the Surrogate’s Court Act as a condition to reopen hearings. There is no newly discovered evidence offered to challenge the finding in favor of the petitioner. The fact that the representative of the estate did not invoke the bar of section 347 of the Civil Practice Act does not constitute a reason for allowing a retrial.
The other reason urged in support of the application, namely the alleged failure to acquire jurisdiction over the person of an infant respondent, is not available to the moving party on this application and in any event, whatever defect may have existed in this connection was cured by the infant’s representation by his general guardian.
The motion is in all respects denied,
Submit order on notice,