OHLHAUSER, Respondent v. BRANAUGH,
Administratrix, Appellant
(101 N.W.2d 827)
(File No. 9774. Opinion filed March 15, 1960)
Rehearing denied April 26, 1960

**Louis B. French,** Yankton, for Appellant.

**John E. Walsh,** Yankton, for Respondent.

HANSON, J. Lottie Ohlhauser died on September 28, 1956, leaving a sister, Hazel Branaugh, and a brother, William Ohlhauser, as her sole heirs. Decedent's estate consisted of a residence in the City of Yankton described as the east 50 feet of Lot 15, and the east 25 feet of the west two thirds of Lots 14 and 15, Block 3, and certain other property not involved in this proceeding

On petiton of both heirs the Yankton County Court admitted the estate to probate as an intestate estate. John P. Matuska was appointed and qualified as administrator. George W. Kunkle was retained by both heirs as attorney for the estate.

Shortly thereafter Hazel Branaugh employed her present counsel and filed a petition for probate of a will. She alleged that Lottie Ohlhauser left an olographic will, dated September 26, 1932, and died testate as to the east 50 feet of Lot 15, Block 3, Yankton City and intestate as to her other property. She prayed that said will be admitted to probate and letters of administration with the will annexed be issued to her. The court fixed December 8, 1956, as the day for hearing the petition and notice of the hearing was duly given.

William Ohlhauser did not appear to contest the will at the hearing in county court on December 8, 1956. Neither did he file or serve written grounds of opposition to the probate thereof as required by SDC 35.0301 as amended by Supreme Court Order No. 1, 1955. George W. Kunkle,

however, filed with the clerk of courts a paper denominated as an "Estate Brief". Under a paragraph of the brief entitled "Neutral Position" Mr. Kunkle stated that "As attorney for the estate, I was employed by **both heirs** on 2 Oct 56. As yet there has been no change in my employment. I have no **partisan** interest in the outcome. Any comment herein is made entirely as a Friend of the Court (Amicus Curiae). Like the court (and the administrator) I feel a responsibility to help reach a **correct decision** on this **olographic will** Question. That is all." Elsewhere in the Brief Mr. Kunkle states "After considerable study (entirely on my own) I am not yet convinced the 2 instruments can properly be held to be an olographic will. * * * In doing this, I repeat that my interest has been clinical only." The county court admitted the olographic will to probate and issued letters of administration with the will annexed to the petitioner, Hazel Branaugh.

William Ohlhauser then retained his present counsel and perfected an appeal to circuit court. Petitioner moved to dismiss the appeal on the ground that William Ohlhauser had not filed or served written grounds of opposition to the probate in county court and was therefore in default. The circuit court denied the motion and proceeded to determine the validity of the will on a trial de novo. The court concluded that Lottie Ohlhauser did not leave a valid olographic will and entered judgment reversing the county court. The petitioner, Hazel Branaugh, appeals to this court contending the circuit court erred (1) in denying her motion to dismiss the appeal from county court and (2) in refusing to admit the will of Lottie Ohlhauser to probate.

We believe the procedural question is determinative of the issues presented. The right of appeal in probate proceedings is purely statutory and "unless the statutory right of appeal exists a court is without jurisdiction to act upon a puported appeal." In re Swanson's Estate, 71 S.D. 622, 28 N.W.2d 663; In re Carver's Estate, 10 S.D. 609, 74 N.W. 1056. The procedure for contesting a will is set forth in Chapter 35.03 SDC 1939. Section 35.0301 as amended

by Supreme Court Order No. 1, 1955 provides in part as follows:

> **"Contest when will presented for probate: procedure; pleadings; parties.** If anyone appears to contest the will, he must file written grounds of opposition to the probate thereof, and mail a copy by first-class mail to the petitioner and all other persons interested in the estate, any one or more of whom may challenge such grounds of opposition by motion or responsive pleading  *  *  *.
>
> "Issues of fact raised as above provided and involving any of the following matters must be tried and determined by the court: * * *
>
> "(3) The due execution and attestation of the will * * *
>
> "On the trial, the contestant is plaintiff and the petitioner is defendant."

█ It is thereby provided that a will be initially contested in county court. Participation in the contest of a will in county court is essential to the right of appeal therefrom. SDC 35.2102 expressly denies an aggrieved party the right to appeal from a judgment, decree, or order of the county court which has been "rendered or made upon his default".

█ When Hazel Branaugh petitioned the county court to admit decedent's will to probate William Ohllhauser did not appear to contest the will in any manner. The "Estate Brief" filed with the Clerk of Courts of Yankton County did not relieve the default. Mr. Kunkle filed the Brief as an amicus curiae only. We find the term "amicus curiae" literally means "a friend of the court". It ordinarily implies the friendly intervention of counsel to call the court's attention to a legal matter which has escaped or might escape the court's consideration. The right to be so heard is entirely within the court's discretion. It is a privilege and not a right. An amicus curiae, in fact, has no legal standing in court.

He cannot be partisan. Neither can he be a party nor assume the functions of a party to an action. The appearance of an attorney as amicus curiae would not, therefore, ordinarily constitute an appearance for or on behalf of an interested party. In re McClellan's Estate, 27 S.D. 109, 129 N.W. 1037; Vol. 1 Bouv. Law Dict., Rawle's Third Revision, p. 188; 3 Words and Phrases, p. 478; Annotated Cases 1915A note on p. 193; Vol. 2 Am.Jur., Amicus Curiae, p. 679 et seq.; and 3 C.J.S. Amicus Curiae § 2, p. 1046 et seq. Mr. Kunkle did not purport to appear for or on behalf of any interested party at the hearing in county court. The self designation of "amicus curiae" might not be binding under certain circumstances but in this case we find nothing in the record to indicate that Mr. Kunkle appeared other than as a friend of the court. As such his appearance could not be considered as an appearance for and on behalf of William Ohlhauser.

As the decree admitting the will to probate in county court was rendered or made upon the default of William Ohlhauser he was precluded, under SDC 35.2102, from appealing and contesting the will for the first time in circuit court. Under the circumstances the circuit court acquired no jurisdiction to act on the purported appeal. Accordingly, the judgment appealed from is reversed and remanded to the circuit court with instructions to enter an order dismissing the appeal from county court.

ROBERTS, P.J., and SMITH and RENTTO, JJ., concur.

BIEGELMEIER, J., dissents.

BIEGELMEIER, J. (dissenting).

Giving consideration to all the statements in the brief filed by Mr. Kunkle, it appears that he did represent William Ohlhauser, the only one interested in the estate who could contest the proposed will and he cited and commented on cases showing that the document did not constitute a holographic will. While this appearance was not in strict compliance with the court rule (the trial judge referred to the proceeding as "far from being a model") it was a defective

324

appearance and not a default. Pleadings in probate matters are usually informal and not governed by the strict rules of pleading in other civil actions. In re Hermence's Estate, 235 Iowa 745, 15 N.W.2d 905, at page 908. In King v. Ross, 28 App.Div. 371, 51 N.Y.S. 138, a defendant appeared at a trial solely to demand a jury, which was denied; he withdrew and appealed from a judgment against him; it was held not a default judgment and he was entitled to appeal. See Citizens' Trust Co. of Utica v. R. Prescott & Son, 221 App.Div. 426, 223 N.Y.S. 191. Cf. Peterson v. McMillan, 70 S.D. 56, 14 N.W.2d 97. If respondent here had the right to appeal from the county court to the circuit court, under the undisputed evidence that court was correct in declaring this document not a holographic will and it should be affirmed. As the majority opinion concludes that William Ohlhauser did not apear at the hearing and was in default, the result here is persuasive that the authority given county courts in SDC 35.0118 to appoint attorneys for unrepresented persons interested in the estate should be liberally exercised.