Lewis W. Olliffe,
Acting Surrogate. The petitioner herein is the widow of testator and an executrix under his will by the terms of which he left one half of his estate to her and one half to a corporate charity. Testator nominated three executors of his will in addition to his widow and all four qualified and are acting as such executors.
*275 The petitioner filed a petition seeking multiple relief and an order to show cause was issued thereon directed to her coexecutors, the corporate charity and the Attorney-General of the State of New York, The order to show cause together with a copy of the petition was served personally on all the persons to whom it was directed.
Petitioner’s coexecutors and the corporate charity, who will hereinafter be referred to as the respondents, by their respective attorneys, filed answers to the petition denying the material allegations thereof and praying for affirmative relief. The answers are signed and verified by the respondents and at the foot thereof, as well as on the covers enclosing such answers, appear the names of the attorney or attorneys with the name of the party for whom they appear together with office and post-office addresses of such attorneys. The Attorney-General, appearing on behalf of the ultimate and indefinite charitable beneficiaries interested in the estate, filed a verified answer denying the material allegations of the petition and praying for an order directing all the executors to file and proceed to judicially settle their account as such executors. None of the answers raise any question with respect to the jurisdiction of the court of the subject matter of the proceeding or of the parties thereto.
The respondents now move to dismiss the proceeding on the ground the court never obtained jurisdiction of them. They maintain that, pursuant to the Surrogate’s Court Act, the three items of principal relief sought by the petitioner may be obtained only by the filing of a petition in each instance and the issuance and service of a citation on the parties against whom such relief is sought. They assert that, in the absence of due service of citation upon the parties the court does not have jurisdiction. The respondents further contend they are not estopped from raising the question of jurisdiction by their failure to so plead in their answers; that the signature and verification of their answers by them, on which appear the names of their respective attorneys, is not a formal appearance by attorney as required by paragraph c of subdivision 3 of section 41 of the Surrogate’s Court Act.
The motion is in all respects denied. The court has obtained complete jurisdiction of the respondents. Their failure to appear specially to attack the jurisdiction of their persons, their signature and verification of their answers attacking the merits of the petition and asking for affirmative relief estops them from now raising the jurisdictional question (Citizens Trust Co. v. R. Prescott & Son, 221 App. Div. 426; Forbell v. *276 Forbell, 274 App. Div. 807; Henderson v. Henderson, 247 N. Y. 428; Dyker Hgts. Home for Blind Children v. Stolitzky, 250 App. Div. 229; Matter of Macaulay, 27 Hun 577; Matter of Orkin, 16 Misc 2d 454, affd. 8 A D 2d 720).
The rule set forth in the above cases has the approval of the Supreme Court of the United States. In Merchants Heat & L. Co. v. Clow & Sons (204 U. S. 286) in which Mr. Justice Holmes delivered the opinion of the court, the report at page 289 reads as follows: “ But by setting up its counterclaim the defendant became a plaintiff in its turn, invoked the jurisdiction of the court in the same action and by invoking submitted to it.”
The court overrules the contention that the cases arising in courts of general jurisdiction are inapplicable to proceedings in the Surrogate’s Court since such proceedings are governed by the provisions of the Surrogate’s Court Act and there may be no deviation therefrom. Two of the above-cited cases arose in Surrogate’s Courts.
The court further holds that the form of the answers, the signing and verification thereof by the respondents on which are set forth the names of their respective attorneys is equivalent to a formal authorization to such attorneys to appear for them under paragraph c of subdivision 3 of section 41 of the Surrogate ’s Court Act.
Matter of Harris (282 App. Div. 117) and Matter of Meyers (N. Y. L. J., Sept. 5,1958, p. 10, col. 4) cited by respondents are inapplicable. In neither case had the respondent been served with any process, filed an answer or formally appeared by attorney.