and of clerks. That McManus was suffered to remain in tenancy of his house and to keep an office off of the store are not facts which, of themselves give any fraudulent coloring to the transaction, and in their connection in this case, they were perfectly consistent with the absolute possession of the plaintiff, testified to by him and others. The facts were quite consistent with honesty and good faith in the parties, and not being connected with other circumstances which would warrant or furnish a basis for the inference of some unlawful combination, or conspiracy, to defraud others, they cannot subserve as the circumstantial proof which the appellant's argument assumes as existing and, therefore, as authorizing the evidence sought to be introduced.

"Whether the sale was a real one and the possession of the property assumed and continued in by the plaintiff were questions of fact for the jury to decide, upon the evidence. The evidence was all upon or connected with those questions. The consideration for the transfer was sufficient, if the evidence was believed by the jury, to uphold the sale, and by their verdict for the plaintiff that belief has been expressed.

"We think there was no error committed in the respect discussed, and we find no other which requires another trial of the issue.

"The judgment should be affirmed, with costs."

*Grant B. Taylor* for appellant.

*H. H. Hustis* for respondent.

GRAY, J., reads for affirmance.
All concur.
Judgment affirmed.

_____

BERTHA E. MARTIN, Administratrix, etc., Respondent, *v.* SPENCER C. PLATT et al., Impleaded, etc., Appellants.

Upon the trial of an action a single question of fact was submitted to the jury without any suggestion that there were others which could be affected by the verdict, judgment was suspended and exceptions ordered to be heard at first instance at General Term. They were so heard and judgment directed on the verdict for plaintiff. *Held,* that

an appeal to the General Term from the judgment was properly dis-
missed, notwithstanding the provision of the Code of Civil Procedure
(§ 1227) declaring that in such a case judgment may be taken as if the
motion for a new trial had not been made; that the judgment was in
substance that of the General Term, and that court could not be required
to hear an appeal from its own decision.

(Submitted February 29, 1892; decided March 8, 1892.)

THIS was a motion for a reargument of a motion by plaintiff
for a dismissal of the appeal. (See *ante*, page 566.)

The following is the opinion in full:

"We have given this motion for reargument a new and
deliberate consideration, both because the question of practice
involved is somewhat important, and because of the very
able and evidently sincere argument which seeks to con-
vince us that we have been mistaken. But added reflection
has confirmed us in the view we felt compelled to take. In a
case where one single question of fact was submitted to the
jury without a suggestion that there were any others which
could be affected by the verdict; where the judgment was
suspended and the exceptions ordered to be heard in the first
instance at the General Term; where they were so heard and
judgment was directed to be entered on the verdict for the
plaintiff; and where that judgment was entered accordingly
without any new proceeding necessary to the entry, an appeal
was taken to the same General Term which directed the judg-
ment, but which that tribunal dismissed, and with our subse-
quent approval. The obvious impropriety of such an appeal
from one session of the court to another of the same body,
involving a review of questions already decided, seemed to us
decisive upon the inquiry presented. I do not understand the
learned counsel for the appellant to deny that under the old
Code such an appeal was not permissible, but he argues quite
plausibly that the changes made in the new and enlarged struc-
ture, which now regulates the practice, have changed the rule
and secured to the appellant an alternative by force of which
he might have appealed directly to this court, or was at liberty
to appeal first to the General Term, and so reach us by that
route.

"The changes made upon which reliance is placed are in substance these : Under the old Code (§ 265) judgment upon the exceptions was to be rendered by the General Term. Under the new Code that provision is omitted (§ 1000), and a new section appears which declares: 'Judgment may be taken, *as if the motion for a new trial had not been made,*· after the expiration of four days from the entry of the order and the service upon the attorney of the adverse party of a copy thereof and notice of the entry, but not before' (§ 1227). These changes, it is claimed, made the judgment entered no longer a judgment of the General Term, but an ordinary judgment entered in the ordinary way, and subject to the ordinary right of appeal.

"We do not think so. It is needless·to speculate upon the motives of the change, since we deem it clear that the judgment entered, whatever its prescribed form, depends for its vitality upon the order of the General Term. Without that order the clerk could not enter it at all. His general authority under section 1189 is only "unless a different direction is given by the court," and that different direction is given when an order is made to suspend the judgment and sending the exceptions to the General Term. The clerk acquires no authority until that tribunal makes its order ; so that the judgment, whatever may be its form or manner of entry, remains in substance the judgment of the General Term, which should not be required to hear an appeal from its own decision.

"But we are further referred to sections 1336 and 1350 as dictating the alternative modes of review. The first authorizes a direct appeal to this court from the final judgment, and that appeal brings up for review only the determination of the General Term. The second relates merely to a case where the final judgment ordered cannot be entered until some preliminary step or proceeding has been taken subsequent to the decision of the General Term. In that event, there may be new proceedings involving the trial of new issues, and those, and those only, can be reviewed by the General Term. Where there have been no such subsequent proceedings, and there were none in this case, there is nothing left for the court to review.

" So far as the appellant complains of the action of the General Term in ordering the final judgment, we ought to await a proper occasion for the review; and yet we may properly say that the questions to which the appellant refers do not seem to us beyond the scope of a direct appeal to this court. We remain of opinion that the appeal was properly dismissed, and the motion for a reargument should be denied, with costs."

*William G. Wilson* for motion.

*George C. Coffin* and *Edward S. Clinch* opposed.

Finch, J., reads for denial of motion.
All concur, except Maynard, J., not sitting.
Motion denied.

---

In the Matter of the People ex rel. Louis W. Schultze, Coroner, etc., to Theodore W. Myers, Comptroller of the City of New York.

(Argued February 29, 1892; decided March 15, 1892.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made October 16, 1891, which affirmed an order of Special Term denying an application for a peremptory mandamus.

*Daniel P. Hays* for appellant.

*Theodore Connoly* for respondent.

Agree to affirm on opinion below.
All concur, except Earl, Ch. J., not voting.
Order affirmed.

---

The People ex rel. William J. Best, Appellant, *v.* Charles M. Preston, as Superintendent of the Banking Department of the State of New York, Respondent.

(Argued February 29, 1892; decided March 15, 1892.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made September 8,