EMMA J. GIRLING, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Appeal — appeal may be taken directly to the Court of Appeals from final judgment entered after reversal by Appellate Division of order granting a new trial.

Under the provision of section 1336 of the Code of Civil Procedure, which authorizes an appeal from a final judgment rendered by the trial court directly to the Court of Appeals, in case a new trial has been refused by the Appellate Division, such an appeal lies when that court reverses an order of the trial court granting a new trial. The reversal of such an order is a refusal of a new trial within the meaning of the section.

Reported below, 134 App. Div. 927.

(Submitted January 3, 1910; decided January 18, 1910.)

MOTION to dismiss an appeal from a judgment entered October 11, 1909, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of the trial court setting aside a verdict in favor of plaintiff and reinstated said verdict.

The motion was made upon the ground that the appeal should not have been taken direct to the Court of Appeals.

This action was brought to recover damages alleged to have been sustained by the plaintiff owing to the negligence of the defendant in failing to keep a certain sidewalk in the borough of Brooklyn free from snow and ice. The trial resulted in a verdict for the plaintiff and thereupon the defendant moved

" to set the verdict aside and for a new trial, upon the exceptions and because the verdict was for excessive damages and otherwise contrary to the evidence and the law." The motion was granted " on the exceptions and because the verdict was contrary to law " and an order was entered accordingly, no judgment having been entered up to that time. The defendant appealed to the Appellate Division, which reversed said order and reinstated the verdict. Judgment was thereupon entered on the verdict, the defendant appealed therefrom to this court, and the plaintiff now moves to dismiss the appeal.

*Frederick S. Martyn* for motion.

*Francis K. Pendleton, Corporation Counsel (James D. Bell* and *Samuel K. Probasco* of counsel), opposed.

VANN, J. This motion involves an appeal brought under section 1336 of the Code of Civil Procedure, which we have considered as to one of its phases in a decision filed herewith. ( *Will* v. *Barnwell*, 197 N. Y. 298.) In that case we had before us an appeal of the first class, provided for in that part of the section relating to interlocutory judgments. We now have before us an appeal of the second class, or one taken from a judgment rendered by the court at *nisi prius* directly to the Court of Appeals " after the refusal, by the Appellate Division, of a new trial, either upon an application, made, in the first instance, at a term thereof, or upon an appeal from an order of the special term, or of the judge before whom the issues, or questions of fact, were tried by a jury."

The learned counsel for the plaintiff contends that the appeal is unauthorized because the Appellate Division did not refuse a new trial, but simply reversed an order of the Trial Term which granted a new trial. In taking this position he relies upon form rather than substance, for the effect of the determination of the Appellate Division is that a new trial was refused. The object of the section, so far as it relates to the subject now in hand, is to authorize an appeal from a

final judgment rendered by the court of original jurisdiction, after the refusal directly or indirectly by the Appellate Division of a new trial, without appealing, for the second time and upon the same question, to the Appellate Division and from the final judgment there rendered to the. Court of Appeals. We think the appeal was authorized because it is within the spirit of the section. A new trial was in effect refused by the Appellate Division when it reversed an order which had granted a new trial. It decided that a new trial should not be had, and this was a refusal of a new trial within the meaning of the section, and we have so held. (*South Bay Company* v. *Howey*, 190 N. Y. 240, 245 ; *Ridgely* v. *Taylor & Co.*, 196 N. Y. 556.)

The motion should be denied, with ten dollars costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Motion to dismiss appeal denied.