WILLIAM P. LOGAN, Appellant, *v.* ALBERT GUGGENHEIM, Respondent.

**Appeal — final judgment entered upon a verdict reinstated by order of Appellate Division — appeal therefrom to Appellate Division brings up nothing for review.**

Where the Appellate Division has reversed an order of a trial term setting aside a verdict and granting a new trial and directed a reinstatement of the verdict and a final judgment has been entered upon said verdict, an appeal from such final judgment to the Appellate Division brings up nothing for review.   The entry of the final judgment was a mere clerical or ministerial procedure and did not constitute " the proceeding to take the final judgment, or upon which the final judgment was taken, including the hearing or trial of the other issues in the action, if any," within the intendment of that language of section 1350.   Orderly and correct procedure require that the Appellate Division should not review a judgment existing by reason of its decision and order.   An appeal from the final judgment, if permissible under section 190 of the Code of Civil Procedure, should have been taken directly to this court.   (Code Civ. Pro. § 1336.)

*Logan* v. *Guggenheim*, 186 App. Div. 931, reversed.

(Argued October 12, 1920; decided November 16, 1920.)

APPEAL from a judgment, entered January 9, 1919, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Erskine C. Rogers* for appellant. The Appellate Division, having denied a new trial in this action, pursuant to section 1350 of the Code, could review upon the appeal from the final judgment " only the proceedings to take the final judgment." (*Terwilliger* v. *Supreme Council R. A.*, 49 Hun, 305; *People* v. *Supervisors*, 70 N. Y. 128; *Mackay* v. *Lewis*, 73 N. Y. 382; *Krekeler* v. *Thaule*, 73 N. Y. 608.)

*Maurice B. Blumenthal* and *Daniel W. Blumenthal* for respondent. Defendant's procedure in appealing from the final judgment was proper, and the Appellate Division had jurisdiction to determine the questions presented on said appeal. (*Terwilliger* v. *Supreme Council*, 2 N. Y. Supp. 144; 2 Rumsey's Pr. 815; *T. A. R. R. Co.* v. *Ebling*, 100 N. Y. 98; *McNamara* v. *Goldan*, 194 N. Y. 315; *Mosler Safe Co.* v. *Brenner*, 100 Misc. Rep. 107.)

COLLIN, J. In virtue of the statute (Code of Civil Procedure, section 1350) the judgment appealed from should be reversed. The action is to recover the damages resulting to the plaintiff by reason of the alleged negligence of the defendant. The jury rendered a verdict for the plaintiff. The trial court, upon the motion of the defendant, under section 999 of the Code of Civil Procedure, by its order, set aside, prior to the entry of the judgment, the verdict and granted a new trial. That order upon the appeal of the plaintiff was reversed and the verdict reinstated by the Appellate Division. Thereupon there was entered in favor of the plaintiff upon the verdict the final judgment, an appeal from which was taken by the defendant to the Appellate Division. The Appellate Division by its judgment reversed the judgment and dismissed the complaint. The appeal to us is from that judgment of reversal and dismissal.

The statute (Code of Civil Procedure, section 1350) provides: " Where final judgment is taken, at a special

term or trial term, or pursuant to the directions of a referee, after the affirmance, upon an appeal to the appellate division of the supreme court of an interlocutory judgment; or after the refusal by the appellate division of a new trial, either upon an application, made, in the first instance, at a term of the appellate division, or upon an appeal from an order of the special term, or of the judge, before whom the issues, or questions of fact, were tried by a jury; an appeal to the appellate division from the final judgment brings up, for review, only the proceedings to take the final judgment, or upon which the final judgment was taken, including the hearing or trial of the other issues in the action, if any. If an appeal is taken, to the court of appeals, from the determination of the appellate division upon the appeal from the final judgment, the determination of the appellate division, affirming the interlocutory judgment or refusing the new trial, may, at the election of either party, be reviewed thereupon. If the respondent elects to bring it up for review, he may take a cross-appeal therefrom, notwithstanding the expiration of the time to take an original appeal therefrom." The purpose and effect of the section are clear and salutary. It bars to a party the opportunity of presenting, and to the Appellate Division the opportunity of reviewing, the same record or questions a second time. It prevents double appeals.

In the case at bar the Appellate Division, in reversing the order of the trial justice, refused a new trial upon an appeal from the order of the justice before whom the issues of fact were tried by a jury. The appeal from the order created to the defendant the opportunity to present and urge to the Appellate Division every ground and every exception appearing in the record entitling him to a new trial or the dismissal of the complaint. The appeal could have been heard only upon a case prepared and settled in the usual manner. (Code of Civil Procedure, section 999.) On the appeal the whole merits of the

case and the exceptions were under review, the court was not confined to the grounds upon which the decision below is based and must render the decision the law and justice require. (Code of Civil Procedure, section 1317; *Lamport* v. *Smedley*, 213 N. Y. 82; *Herrman* v. *United States Trust Co.*, 221 N. Y. 143.) The final judgment was after the reversal taken and entered upon the order of the Appellate Division. In virtue of the direction of the Appellate Division expressed by its order, the clerk of the court entered the judgment in conformity with the verdict. (Code of Civil Procedure, section 1189.) The judgment was the judgment of the Appellate Division. Orderly and correct procedure requires that the Appellate Division should not review a judgment existing by reason of its decision and order. (*Martin* v. *Platt*, 131 N. Y. 641.) The entry of the final judgment was a mere clerical or ministerial procedure and did not constitute " the proceeding to take the final judgment, or upon which the final judgment was taken, including the hearing or trial of the other issues in the action, if any," within the intendment of that language of section 1350. The language contemplates a final judgment entered after the trial, subsequent to an interlocutory judgment, of issues or questions, or an analogous condition. (*Martin* v. *Platt*, 131 N. Y. 641; *Raynor* v. *Raynor*, 94 N. Y. 248.) Therefore the appeal from the final judgment to the Appellate Division did not bring up for review anything. Section 1350 restricted the review to the proceeding as above quoted. There was no such proceeding. Section 1336 of the Code of Civil Procedure provides: " Where final judgment is rendered in the court below, after the affirmance, upon an appeal to the appellate division of the supreme court, of an interlocutory judgment; or after the refusal, by the appellate division, of a new trial, either upon an application, made, in the first instance, at a term thereof, or upon an appeal from an order of the special term, or of the judge before whom

the issues, or questions of fact, were tried by a jury; the party aggrieved may appeal directly from the final judgment to the court of appeals, notwithstanding that it was rendered at a special term, or at a trial term, or pursuant to the directions, contained in a referee's report. But such an appeal brings up, for review, only the determination of the appellate division of the supreme court, affirming the interlocutory judgment, or refusing the new trial." After the entry of the judgment, upon the reinstated verdict and the order of the Appellate Division, the appeal from it, if permissible under section 190 of the Code of Civil Procedure, should have been taken directly to this court in the proper and legal manner. (*Garrison* v. *Sun Printing & Publishing Association,* 222 N. Y. 691; *Girling* v. *City of New York,* 197 N. Y. 302; *Huggins Lumber Company* v. *Phelps,* 225 N. Y. 703; *Rich* v. *Manhattan Railway Co.,* 150 N. Y. 542.) The appeal to the Appellate Division did not bring up anything for that court to review.

The judgment appealed from should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

Hiscock, Ch. J., Hogan, Pound, McLaughlin, Andrews and Elkus, JJ., concur.

Judgment reversed, etc.