JOSEPH F. COFFEY, as Administrator with the Will Annexed of MICHAEL J. COFFEY, Deceased, Appellant, *v.* KATHERINE LEXOW, Respondent. (Appeals Nos. 1 and 2.)

First Department, December 2, 1921.

Appeal — order granting motion for judgment on pleadings resettled by striking from recital therein, designation of briefs of counsel as part of papers upon which order was made, where said briefs were not filed and appeal was pending from said order and from judgment entered thereon — motion to compel defendant to accept plaintiff's notice of appeal granted.

Where an order granting defendant's motion for judgment on the pleadings recited that it was made upon default upon certain papers and also upon the briefs of counsel, but said briefs were not filed, the plaintiff, on appealing from said order being unable to get the papers certified because they did not include said briefs, is entitled to have said order resettled by

striking out from the recital therein the designation of the briefs of counsel as part of the papers upon which it was made, it appearing that an appeal was already pending taken in due time, both from the order and from the final judgment entered thereon, though the notice for resettlement was made after the time to appeal from the order had expired, for the plaintiff had the right to test upon appeal from the judgment the validity of the order upon which it was granted.

Where both the final judgment on the pleadings and the order directing the same erroneously recited that they were made upon default, and this error was corrected by consent and a new order and judgment thereon entered, a motion to compel the defendant to accept plaintiff's notice of appeal served within thirty days from the entry of the judgment after said correction should be granted, it being in proper form to review not only said judgment, but the intermediate orders which led up to the same.

APPEAL by the plaintiff, Joseph F. Coffey, as administrator, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of May, 1921, denying plaintiff's motion for an order directing the defendant to accept plaintiff's notice of appeal, and also from an order, entered in said clerk's office on the 21st day of June, 1921, denying plaintiff's motion for an order resettling an order, entered on the 24th day of February, 1921, by striking from the recital therein that the order was made upon briefs of counsel.

*Jesse Fuller, Jr.,* of counsel [*Sparks, Fuller & Stricker,* attorneys], for the appellant.

*Leon N. Futter* of counsel [*George Gordon Battle* with him on the brief; *O'Gorman, Battle & Vandiver,* attorneys], for the respondent.

SMITH, J.:

These appeals were argued together and will be discussed together. A statement of the facts will disclose the situation, and from that situation may be determined the rights of the parties upon these two appeals. This action is brought to recover upwards of $22,000 claimed to have been received by the defendant for the benefit of plaintiff's intestate in 1899. This sum represents the value of certain stocks and bonds delivered to the defendant to be held for the benefit of plaintiff's intestate. Michael J. Coffey, the plaintiff's intestate, died in 1907, and one Michael J. Kennedy was appointed as

executor. Kennedy resigned in 1914, and this plaintiff and one Teale were appointed as administrators with the will annexed. In 1917 Teale resigned, leaving this plaintiff as the sole administrator with the will annexed of the said Michael J. Coffey. This action was brought December 18, 1919.

The answer of the defendant set up the six, the ten and the twenty-year Statutes of Limitation. The reply is not in the record. It appears, however, in the respondent's brief, and simply denies that more than six, ten or twenty years have elapsed since the cause of action set up in the complaint accrued, the plaintiff alleging that said cause of action accrued on January 15, 1917.

The defendant made a motion for judgment on the pleadings which was granted upon February 23, 1921, and the order was entered upon February twenty-fourth. That order recited that it was made upon default upon certain papers, and also upon the briefs of counsel. This order was entered by the defendant, but the briefs of counsel recited therein were not filed. The plaintiff appealed from this order, but was unable to get the papers certified by the clerk, because they did not include the briefs of counsel which were not on file. Thereupon the plaintiff moved to have the order resettled in respect to this recital, which order was denied upon June twenty-first on two grounds: *First*, that the time to appeal from the order had expired; and *second*, that final judgment had been entered in the action.

We are of opinion that this motion should have been granted. An appeal was already pending, taken in due time from this order. The resettlement asked for was only in the recital of the papers on which the order was granted. The final judgment which had been granted has also been appealed from, and the plaintiff clearly had the right to test upon appeal from the judgment the validity of the order which practically dismissed his action.

The order, therefore, which denied the motion to resettle, the appeal from which is the second appeal before us, should be reversed, with ten dollars costs and disbursements, and the motion to resettle should be granted, with ten dollars costs, by striking out from the recital therein the designation of the briefs of counsel as part of the papers upon which it was made.

The order for judgment entered upon the twenty-fourth day of February gave to the plaintiff ten days in which to serve an amended reply. The plaintiff, insisting that his reply was sufficient, failed to serve this amended reply within the ten days, and upon March twenty-first an order was entered reciting the failure of the plaintiff to serve an amended reply and directing final judgment, and final judgment was entered upon March twenty-eighth. Both the final judgment and the order directing the same recited that they were made upon default. This was error, and, of course, an appeal could not be taken therefrom, because an appeal cannot be taken from an order or judgment entered upon default. Plaintiff, therefore, was compelled to and did apply to the attorney for the defendant to correct this mistake, which correction was made by consent, and a new order directing judgment was entered upon April seventh, and the new judgment entered upon April eighteenth, in both of which were omitted statements that they were made upon default.

Upon May fourth the plaintiff attempted to serve upon the defendant a notice of appeal from the judgment of April eighteenth, and from the order of April seventh, upon which it was granted, and recited that he would seek to review upon appeal the order of February twenty-third, which was the order determining the insufficiency of the reply. This notice of appeal was returned by the defendant, and the plaintiff then moved to compel the defendant to accept the notice of appeal, so far as it gave notice of an appeal from the judgment of April eighteenth, and the order of April seventh, and asked for such other relief as might be just in the premises.

It will be noted that there was an appeal already pending from the order of February twenty-third. However, it may be questioned whether, with an appeal pending from the judgment, that order could be reviewed upon that separate appeal, and it was proper, therefore, for the plaintiff in appealing from the final judgment of April eighteenth, to specify all orders upon which that judgment was founded, to wit, the order of April seventh and the order of February twenty-third, and seek to review the same.

The notice of appeal, therefore, being served within thirty days from the entry of the judgment, was served in time; it

was in proper form to review not only the judgment, but the intermediate orders made which led up to the judgment, and should have been accepted, and the order denying the plaintiff's motion to compel the defendant to accept the same should, therefore, be reversed, with ten dollars costs and disbursements, and the plaintiff's motion should be granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

Order denying motion to direct defendant to accept appeal reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Order denying motion to resettle reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, by striking out designation of briefs as part of the papers on which the order was made. Settle order on notice.