HOWARD JENSEN, Respondent, *v.* THE UNION RAILWAY
COMPANY OF NEW YORK, Appellant.

(Argued June 13, 1932; decided July 19, 1932.)

*Alfred T. Davison* and *Addison B. Scoville* for appellant.
The judgment entered was not a default judgment within

the meaning of section 557 of the Civil Practice Act, and, therefore, an appeal may be taken therefrom. (*Citizens Trust Co.* v. *Prescott & Son, Inc.*, 221 App. Div. 426; *King* v. *Ross*, 28 App. Div. 371; *Sacia* v. *O'Connor*, 47 N. Y. Super. Ct. 53.) Defendant's appeal from the judgment entered after the reversal by the Appellate Division of the order of Special Term vacating and setting aside the inquest and setting the case down for trial may be taken directly to the Court of Appeals. (*Girling* v. *City of New York*, 197 N. Y. 302; *Logan* v. *Guggenheim*, 230 N. Y. 19.)

*Louis W. Arnold, Jr.*, *Edward W. Beattie* and *Philip E. Barnard* for respondent. The judgment being one by default is non-appealable. (*Herpe* v. *Herpe*, 225 N. Y. 323; *Flake* v. *Van Wagenen*, 54 N. Y. 25; *Innes* v. *Purcell*, 58 N. Y. 388; *Hawkins* v. *Smith*, 91 Hun, 209; *First Nat. Bank* v. *Fleitmann*, 168 App. Div. 75; *Teeter* v. *Daniel*, 177 App. Div. 903; *Cohen, Goldman & Co.* v. *Ellman*, 202 App. Div. 787; *Strohbeck, Inc.*, v. *Benett's, Inc.*, 217 App. Div. 66; *White* v. *Sebring*, 228 App. Div, 413.) There can be no appeal from the judgment under section 588 of the Civil Practice Act. (*Hermann* v. *Ludwig*, 227 N. Y. 632; *Hicks* v. *La Vergne*, 248 N. Y. 558; *Clews* v. *Peper*, 112 App. Div. 430; *Prager* v. *Beardsley*, 133 App. Div. 592; *Cascade Hotel Co.* v. *Orleans Real Estate Co.*, 153 App. Div. 882; *Thorburn* v. *Gates*, 177 App. Div. 474; *Rothschild* v. *Haviland*, 172 App. Div. 562; *Fitzgerald Manufacturing Co.* v. *Alexander*, 200 App. Div. 164; *Titus* v. *Halsted*, 209 App. Div. 66; *Mandel* v. *Donohue*, 124 Misc. Rep. 861; *Dickson* v. *Merchants' & Farmers' Bank*, 118 Misc. Rep. 633; *Eno* v. *Tracy*, 130 Misc. Rep. 198; *Matter of Mohawk Overall Co.*, 210 N. Y. 474; *Kennedy* v. *Lownes*, 229 N. Y. 563.)

LEHMAN, J. The defendant has appealed from two orders of the Appellate Division of the first department,

and from a final judgment of the Supreme Court, entered in the office of the Clerk of the county of Bronx on the 4th day of May, 1932. The notice of appeal from the orders of the Appellate Division states that the defendant appeals from " the order of the Appellate Division of the Supreme Court for the first department made and entered in the office of the Clerk of the said Appellate Division on the 29th day of April, 1932, reversing the order of the Supreme Court, Bronx county, made and entered herein on the 26th day of March, 1932, which opened the defendant's default in the above entitled action," etc. Quite evidently the appeal from the order of the Appellate Division must be dismissed. The notice of appeal from the judgment states that the appeal is taken " from the final judgment of the Supreme Court entered in favor of the plaintiff herein in the office of the Clerk of the County of Bronx on the 4th day of May, 1932, which judgment was entered as a result of an order of the Appellate Division of the Supreme Court, First Department * * * reversing the order of the Supreme Court, Bronx County, made and entered herein in the office of the Clerk of the County of Bronx on the 25th day of March, 1932, vacating and setting aside the inquest herein, and which said order of the Appellate Division denied defendant's motion to vacate and set aside said inquest." The notice of appeal also states that the appellant intends to bring up for review the intermediate orders from which an abortive appeal has also been taken.

Upon the appeal from the judgment two closely-related questions arise: *First*, is the judgment appealed from a default judgment; *second*, if it is not a default judgment, does an appeal lie directly to this court?

The defendant has appeared and answered the plaintiff's complaint. When the case appeared on the ready calendar of the Supreme Court for trial, the defendant's counsel was not ready to proceed, and further proceedings were then had which resulted in a verdict for the

plaintiff in the sum of $25,000. The defendant's counsel took no part in those proceedings, which took the form of an inquest. The defendant immediately thereafter obtained an order to show cause " why an order should not be made and entered herein vacating and setting aside the inquest herein and any judgment which may have been entered thereunder and restore this case to the trial calendar of this court for trial." The order to show cause contained a stay of all proceedings on the part of the plaintiff or his attorney, and no judgment could be entered until that stay was vacated. The justice at Special Term who heard the defendant's motion granted the motion, and an order was entered vacating and setting aside the " inquest " which had been taken before another judge at Trial Term. The plaintiff thereupon appealed to the Appellate Division, which reversed the order made at Special Term. Then, for the first time, the judgment in favor of the plaintiff could be entered, and the defendant now appeals from that judgment.

If the judgment is the result of a trial of the action and was entered after the refusal by the Appellate Division of a new trial, then the judgment is not a default judgment, and is appealable directly to this court. (Civ. Prac. Act, § 590.) On the other hand, if the judgment is the result of an inquest occasioned by the failure or refusal of the defendant to appear at a trial, then it is certainly clear that the judgment is a default judgment from which no appeal can lie.

The record on appeal does not include the proceedings in the court below which resulted in the verdict. No case has been settled. Perhaps if we had that record before us, it would appear that the protest of the defendant's counsel asking for an opportunity to prepare for trial constituted an appearance at the trial in behalf of the defendant, and that the refusal of the court to grant the application for a postponement of the trial might

constitute a ruling in the course of the trial. Then the appellate court could have reviewed the soundness of that ruling. That was the case in *Citizens Trust Co.* v. *Prescott & Son, Inc.* (221 App. Div. 426), where the attorney for the defendant appeared on the trial, made his objection and excepted to the ruling on the record. Here, however, the defendant took another course. Its attorneys moved in Special Term to vacate the " inquest," thus conceding that there was no appearance at any trial, and in fact that no trial was ever had.

In truth, the defendant has impaled itself on the horns of a dilemma. If the application for postponement of the trial constituted an appearance at the trial, and the refusal of that application constituted a ruling made at the trial, then obviously no co-ordinate justice of the Supreme Court could upon motion reverse that ruling and grant a new trial. In such case, the motion for a new trial should have been made before the justice who presided at the trial, in accordance with section 549 of the Civil Practice Act, or at Special Term, under section 552. Even in that case the motion could not have been heard by another judge without a specific direction from the trial judge that it be so heard. Even were that not true, the defendant would have been required to procure a case to be settled in the same manner as on an appeal from a judgment, before making a motion for a new trial. (Rule 221.)

The defendant did not adopt any of the methods provided by the Civil Practice Act, sections 549–552, for obtaining a new trial. On the contrary, it asserted that there had been no trial, and moved to vacate the inquest, so that a trial might be had. Otherwise it is clear that the justice at Special Term would have been compelled either to deny or dismiss the motion, and if he granted the motion, the Appellate Division would have been compelled to reverse his order, and if it failed to do so we should be compelled, on any appeal bringing

up for review the determination of the Appellate Division, to reverse the order. Thus, in every stage of the litigation after the so-called inquest, the defendant has assumed the position that the motion made at Special Term was solely a motion to vacate an inquest, so that opportunity might be had for a trial. It could not ask either Special Term, the Appellate Division, or this court to grant a new trial because of any ruling that occurred at the first trial, without a settled case, and it could not ask the justice at Special Term to vacate proceedings held before a co-ordinate justice at which all parties appeared. Thus the defendant asked for relief in the Supreme Court upon the assumption that the verdict of $25,000 is the result of an inquest and not of a trial at which the defendant appeared, and is asking this court to review the denial of the relief asked, upon the assumption that the verdict is the result of a trial at which the defendant did appear; and even here asks us to review, not the ruling made by the trial justice, but the reversal by the Appellate Division of an order of another justice of the Supreme Court vacating and setting aside without appeal the proceedings before a co-ordinate justice.

Even if we were to assume that the judgment in this case is not a default judgment and is appealable, yet no appeal would lie directly to this court. The judgment is not a judgment entered upon the decision of the Appellate Division which would be appealable as of right under section 588, subdivision 1, Civil Practice Act. It is a judgment entered after trial or inquest which has never been reviewed by the Appellate Division. That subdivision refers plainly to a judgment entered by the clerk to whom the order of the Appellate Division and the case and papers upon which the appeal was heard were transmitted, pursuant to such order and in accordance with section 621 of the Civil Practice Act. Here the judgment was entered upon the proceedings which constituted a

trial or inquest, and not upon the decision of the Appellate Division.

No appeal has ever been taken from the judgment of the Appellate Division, and no case has been settled and presented to the Appellate Division, and no settled case is in the record before us. A party intending to appeal from a judgment rendered after the trial of an issue of fact must, except as otherwise prescribed by law, make a case and procure the same to be signed and settled by the judge by or before whom the action was tried. (Civ. Prac. Act, § 575.) Moreover, no appeal can be taken from such a judgment direct to this court unless there has been refusal by the Appellate Division of a new trial, and, as before pointed out, the Appellate Division may pass upon a motion for a new trial only where there has been a settled case. A case was settled in *Girling* v. *City of New York* (197 N. Y. 302) and *Logan* v. *Guggenheim* (230 N. Y. 19). In those cases the appellant did in truth rely upon form rather than substance. In this case the appellant asks us to disregard not only the letter but the spirit of the provisions of the Civil Practice Act and of the Constitution, limiting the jurisdiction of this court; and in the guise of an appeal from a judgment to review an intermediate order refusing to vacate a trial or inquest.

The appeal should be dismissed, with costs.

CRANE, J. (dissenting). Plaintiff in this case brought action against The Union Railway Company of New York City to recover damages sustained through the operation of the defendant's car on St. Ann's avenue, The Bronx, New York city. He was riding a motorcycle which skidded and threw him off in front of the defendant's car. The car did not strike and knock him off; he slipped off because of the wet pavement, and charges the motorman with negligence for not having stopped in time to prevent striking him. The motorman says

that he was too near the plaintiff to stop. Thus the issue, which should have been tried out in a proper and orderly way, and as is the custom in this realm.

The case appeared upon the trial calendar on February 25, 1932, when the plaintiff's attorney made an application to have it set down for a day certain for trial. Mr. Justice CALLAHAN set the case down for trial for March 14, 1932, giving a two weeks' adjournment. Thereupon the plaintiff's attorney wrote to the judge demanding an earlier day. The judge sent for the defendant's lawyer and said he would place the case down on the calendar for Friday, March 11, 1932, so that it would surely be tried the following Monday, March the 14th. These facts are not denied. Mr. Justice CALLAHAN knew whether these statements were true or false.

On Friday, the 11th, the calendar was called by another judge sitting at Trial Term. The defendant not being ready, asked an adjournment until Monday, the 14th, pursuant to the previous understanding. An inquest was ordered and the trial proceeded over strenuous objection of the defendant, resulting in a recovery of $25,000 damages in favor of the plaintiff. Thereupon a motion was immediately made before Mr. Justice CALLAHAN to open and set aside the recovery and to grant a new trial. He knew all the facts, including his directions and instructions to the defendant. The motion was made "*upon the inquest herein and upon all the pleadings and proceedings heretofore had herein,*" as well as upon the affidavits of the lawyers setting forth the above facts. Mr. Justice CALLAHAN set aside the inquest and directed a new trial. From this order the plaintiff appealed to the Appellate Division, which reversed the order granting a new trial and denied the motion, two of the justices dissenting. Thereupon, by virtue of the order of the Appellate Division, and pursuant to its directions, judgment was entered for the sum of $25,000, with costs and interest,

against the defendant. From this judgment and intermediate orders the defendant appeals to this court.

A party may not appeal from a judgment or order rendered or made upon his default. (Civ. Prac. Act, § 557.) This is not a default judgment. The case was at issue. The defendant appeared and vigorously protested against the trial on Friday, March the 11th, when the arrangement had been to try it on Monday; March the 14th. The engagements of counsel were not accepted as an excuse. The appearance of a defendant earnestly pleading for an opportunity to present its evidence upon the issues framed by its answer is not a default. On the contrary, it is a vociferous appearance. The refusal of the court to give counsel a reasonable opportunity to procure his witnesses does not cast upon the defendant the opprobrium of defaulting or failing to appear. *Herpe* v. *Herpe* (225 N. Y. 323, 327) illustrates the meaning of " default," because there the party failed both to plead and to appear. The Appellate Division of the fourth department, in *Citizens Trust Co.* v. *Prescott & Son, Inc.* (221 App. Div. 426, 431), correctly held that a judgment taken against one who appears at the trial and asks for a reasonable postponement is not a default judgment. The language, so appropriate, may be quoted here: " Here defendant regularly appeared by attorney; had answered and, from the beginning, been actually engaged in an effort to protect its alleged rights and to avoid judgment against it. It appeared by attorney on the trial and moved for a postponement and stay upon the same grounds as had been heretofore urged by it in a similar motion on papers; it filed those papers in connection with its renewed motion and, when overruled, duly excepted on the record." The judgment taken was held not to be a default judgment. (See, also, *King* v. *Ross*, 28 App. Div. 371 [First Department].)

The judgment was a final judgment, appealable to

this court. An order was granted by Mr. Justice CAL-LAHAN requiring the plaintiff to show cause why the inquest should not be vacated and a new trial ordered. The motion was made upon the inquest and on all the pleadings and proceedings which theretofore had been had. On the return day, the motion was granted, the inquest and the judgment granted by the trial judge, $25,000, set aside and a new trial granted. Note that all the proceedings, including the proceedings at the inquest, were before Mr. Justice CALLAHAN, who granted this motion. On appeal the same proceedings were before the Appellate Division. Whether or not the testimony was printed in the appeal book is immaterial, for the reason that the appeal book before an appellate court is presumed to have in it all the papers and proceedings before the lower court, or such as the counsel in the case deem important. If any be omitted, it is by the acquiescence and consent of respondent's counsel. The fact is, then, that the Appellate Division is presumed to have had before it the entire inquest and all the proceedings which were had on March 11, 1932, and the affidavits which were submitted to Mr. Justice CALLAHAN. The recitals in his order to show cause show that the motion to vacate was made upon all these papers and proceedings.

On appeal, therefore, the Appellate Division had before it the inquest and facts relating to the asked for adjournment and the acts of Mr. Justice CALLAHAN. The Appellate Division reversed the order of Mr. Justice CALLAHAN and denied the motion for a new trial, whereupon, pursuant to its order, and by virtue thereof, judgment was entered against the defendant for $25,000, which was final in all its effects, including the finality required for appeal to this court.

To say that the defendant must now appeal upon the same record to the Appellate Division from this judgment is to require a vain and idle ceremony. Practice

in these days has abolished such empty forms. Courts must deal with realities, and not with shades arising from speculation. The defendant has a grievance to be reviewed which must not be obscured or hindered by the complexities and uncertainties of appeal methods. The defendant has against it a final judgment without having had a fair opportunity to present its evidence and be heard, and appellate courts are to facilitate the review of such cases. Court practice is nothing but the means by which the merits of a case may be presented to a court, and must never assume such an importance that it supplants those merits. All of which has been expressed in different language in *Girling* v. *City of New York* (197 N. Y. 302). The action was brought to recover damages alleged to have been sustained by the plaintiff, owing to negligence of the defendant in failing to keep a certain sidewalk in the borough of Brooklyn free from snow and ice. A verdict for the plaintiff was set aside and a new trial granted upon the exceptions, and because the verdict was contrary to the evidence. The order setting aside the verdict was appealed to the Appellate Division, which reversed the order and reinstated the verdict. Judgment was thereupon entered on the verdict and the defendant appealed to this court. The motion to dismiss the appeal was denied, and this court said: " The learned counsel for the plaintiff contends that the appeal is unauthorized because the Appellate Division did not refuse a new trial, but simply reversed an order of the Trial Term which granted a new trial. In taking this position he relies upon form rather than substance, for the effect of the determination of the Appellate Division is that a new trial was refused. The object of the section, so far as it relates to the subject now in hand, is to authorize an appeal from a final judgment rendered by the court of original jurisdiction, after the refusal directly or indirectly by the Appellate Division of a new trial, without appealing, for the second time and

upon the same question, to the Appellate Division and
from the final judgment there rendered to the Court of
Appeals. We think the appeal was authorized because
it is within the spirit of the section. A new trial was in
effect refused by the Appellate Division when it reversed
an order which had granted a new trial. It decided that
a new trial should not be had, and this was a refusal of
a new trial within the meaning of the section, and we
have so held. (*South Bay Company* v. *Howey*, 190 N. Y.
240, 245; *Ridgely* v. *Taylor & Co.*, 196 N. Y. 556.) "

In substance this case and the *Girling* case are identical.
To say that one was an inquest and the other a trial is
to place emphasis upon words rather than upon things.
The result to the defendants is the same. A verdict or
judgment directed against the defendant was set aside,
in one case by the trial judge, in the other by the Special
Term, also held by a judge. The order setting aside
the judgment or verdict and granting a new trial was
reversed by the order of the Appellate Division in both
cases, and thereafter final judgment entered against
the defendant by virtue of the order of the Appellate
Division. The *Girling* case, followed by *Logan* v. *Guggen-
heim* (230 N. Y. 19), bids us to consider the judgment
herein as one entered by direction and authority, whether
directly or indirectly, of the order of the Appellate Division
and as a final judgment, reviewable directly on appeal to
this court.

Coming to the merits, we recognize that the setting
aside of a judgment taken upon inquest is a matter resting
largely within the discretion of the trial court, and the
Appellate Division, and that the calendar practice as
now conducted in the first and second departments
requires expedition upon the part of the litigants to get
ready their causes for trial at the earliest possible hear-
ing. Delays must not be countenanced if they can be
avoided.

On the other hand, all parties must be afforded a

reasonable opportunity to prepare for trial and meet the demands of law suits, or else one may be deprived of his property without due process of law, and the constitutional guaranties become meaningless phrases. Due process may be denied under legal forms as well as by force of arms. This discretion, vested in the lower courts, may, however, become a question of law reviewable by this court, when its exercise is so arbitrary as to deprive litigants of a reasonable opportunity to be heard, or, in other words, comes within that class of rulings which for better terminology, we call " an abuse of discretion." This is not a very polite nor exact description; the term perhaps is unfortunate; it simply means that the court has gone too far and beyond the bounds and limitations set by previous example.

Thus in *Lawrence* v. *Farley* (73 N. Y. 187), where the defendants made default in not appearing or answering, and the Special Term opened the judgment and granted relief, this court, through RAPALLO, J., said: " The sufficiency of the excuse given by the defendant for suffering the default, and the propriety of granting him the relief which he asked, were matters within the discretion of the court below, *and the case discloses no abuse of such discretion.*"

Chief Judge CULLEN, writing in *Park & Sons Co.* v. *Hubbard* (198 N. Y. 136, p. 139), said: "As to the discretion of the court to grant or refuse leave to serve a supplemental pleading, we adhere to the views expressed by Judge FOLGER in *Holyoke* v. *Adams* (59 N. Y. 233) and repeated by the same learned judge in *Spears* v. *Mayor, etc., of N. Y.* (72 N. Y. 442): ' It has a discretion to permit or to refuse a supplemental pleading; but that discretion must be exercised reasonably, and not capriciously or willfully.' " (See, also, *Halfmoon Bridge Co.* v. *Canal Board*, 213 N. Y. 160, p. 165.)

Judge WERNER, writing for this court in *Matter of Superintendent of Banks* (207 N. Y. 11, 15), said:

" ' Judicial discretion ' is a phrase of great latitude; but it never means the arbitrary will of the judge. It is always ' a legal discretion to be exercised in discerning the course prescribed by law; when that is discerned it is the duty of the courts to follow it.' " (See, also, *Forrest* v. *Forrest*, 25 N. Y. 501; *Matter of Holbrook*, 99 N. Y. 539; *Roberts* v. *N. Y. Elev. R. R. Co.*, 155 N. Y. 31.) This court said in *Forrest* v. *Forrest* (*supra*, at p. 520): " The power must, however, be shown to have been arbitrarily exercised. Otherwise, the law does not contemplate a review of such decisions in this court."

*Bossout* v. *R., W. & O. R. R. Co.* (131 N. Y. 37), in the last paragraph, at page 42, recognized the right of this court to review a judgment and order of this kind when there had been an abuse of discretion.

*Bassett* v. *French* (155 N. Y. 46) related to a default in pleading, and to the ordinary rule that discretionary orders and judgments are not appealable to this court. No abuse of discretion was claimed in that case, and consequently the appeal was dismissed. The situation is entirely different here.

The right to appeal to this court from this judgment is further strengthened by analogy to the practice provided in section 590 of the Civil Practice Act.

As bearing upon the abuse of the discretion of the lower courts in refusing this defendant a reasonable opportunity to try its case, reference may be had to a prior ruling of the same Appellate Division in *Riglander* v. *Star Co.* (98 App. Div. 101, 106), where it was said: " ' Due process of law requires that a party shall be properly brought into court, and that he shall have an opportunity when there to prove any fact which, according to the Constitution and the usages of the common law, would be a protection to him or his property.' He is not only to be brought into court, but must have an opportunity to present his evidence. If he is not allowed sufficient time to prepare his evidence, according to the usual means

of obtaining evidence for use in courts of justice, his so-called day in court is only a snare and a delusion. He is deprived of a right which is not only accorded to other suitors, but which it would be error to refuse them. This cannot be due process of law. The process of the law includes every step from summons to judgment, and if a party is deprived of any right usually accorded to others, it is not due process of law." (See, also, *Missouri ex rel. Hurwitz* v. *North,* 271 U. S. 40.)

When a case first appearing upon the calendar is set down for trial on March the 14th, 1932, and appears by the direction of the court on the calendar of the 11th, with the understanding that it will be held until the 14th, the beginning of the week, and another judge not familiar with these arrangements, sitting on the 11th, orders and directs an inquest, over the objection and protest of the defendant, the proceeding is so unusual that the denial of the motion by the Appellate Division to open the inquest and grant a trial to the defendant is unwarranted and should be reversed.

Pound, Ch. J., Hubbs and Crouch, JJ., concur with Lehman, J.; Crane, J., dissents in opinion in which Kellogg and O'Brien, JJ., concur.

Appeal dismissed.