BRUNO BURN, Respondent, v. ALBERT F. COYLE, Appellant.

First Department, February 16, 1940.

*Isidor Enselman* of counsel [*Donald I. Peyser*, attorney], for the appellant.

*Seymour J. Wilner*, for the respondent.

O'MALLEY, J.   In addition to the necessary allegations to show a partnership between the parties and the right to its dissolution and an accounting, the complaint contained allegations that the defendant failed to contribute, as promised, the sum of $5,000 to the partnership and that, as a result of such failure, the partnership was unable to continue and plaintiff's capital investment in the same amount was lost.

After a trial participated in by the defendant, a finding was made to this effect and the interlocutory judgment referred the matter to a referee, not only to take and state the account between the parties, but also to ascertain the amount of damages, if any. There was no amplification before the referee, therefore, of issues properly before the court and cognizable by it in the trial leading to the interlocutory decree.   (Partnership Law, § 69, subd. 2(a), item [II].)

Though due and timely notice of the hearing was given, the defendant failed to make any appearance before the referee.   He likewise failed entirely to appear on the return day of the motion made to confirm the referee's report and for the entry of judgment in accordance therewith.   The order expressly recites defendant's default and the final judgment recites that there was no appearance in opposition to the motion to confirm.

On the merits it would appear that, even under that part of the referee's order to take and state the account, the defendant well might have been charged with an indebtedness to the partnership of the $5,000 which he promised to, but which he did not advance.

Even under such a computation, the defendant would have been properly mulcted in the sum of $5,834.18 and at best, in my opinion, if the appeal was properly before us, would have been entitled to a reduction of the judgment in that amount only.

However, in view of his non-appearance upon the reference, resulting practically in an inquest, and by virtue of his default noted upon the order confirming the report and his non-appearance noted in the final judgment, he had no right to appeal from the final judgment as it was entered upon his default. (*Jensen* v. *Union Railway Co.*, 260 N. Y. 1; *First National Bank* v. *Fleitmann*, 168 App. Div. 75.)

His remedy, if any, was by way of an application to open his default. It has been held that, even where an order erroneously recites that it was entered on default, an aggrieved party before taking an appeal from such order must have the erroneous recitals corrected. (*Coffey* v. *Lexow*, 198 App. Div. 791, 794.)

The defendant did not appeal from the interlocutory judgment directly and his time to do so has long since expired. He may not review the interlocutory judgment by an abortive appeal from the final judgment.

It follows, therefore, that the appeal herein should be dismissed, with costs and disbursements to the respondent.

GLENNON and UNTERMYER, JJ., concur; MARTIN, P. J., and TOWNLEY, JJ., dissent.

TOWNLEY, J. (dissenting). The defendant appeared and took part in the trial which preceded the entry of the interlocutory decree. He contested plaintiff's claim of the existence of any partnership and this issue was improperly decided against him. The most that the evidence before the court established was a joint venture for the expenses of which defendant would only be responsible for his share, namely, one-half of the amount for which judgment has been rendered against him. His failure to appear before the official referee and contest the items of the account did not deprive him of the right by appeal from the final judgment to question the correctness of the interlocutory decree upon which it was based.

The judgment appealed from should be modified as indicated herein and as so modified affirmed.

MARTIN, P. J., concurs.

Appeal from judgments dismissed, with costs and disbursements to the respondent.