ERDINE COBB, Respondent, v. THE GRAMATAN NATIONAL BANK & TRUST COMPANY OF BRONXVILLE, as Trustee under a Certain Deed of Trust Executed by MARY S. YOUNG on February 21, 1931, Appellant, and Others, Defendants.— Action to remove a trustee and to surcharge it for negligence in investing the entire $25,000 corpus of a trust fund in a guaranteed mortgage certificate and for the appointment of a substituted trustee. Interlocutory judgment directing the defendant to account to a substituted trustee for principal and interest affirmed, with costs. The complaint in paragraph 11, after alleging that the mortgage investment was not of a character authorized by law, alleged " that said defendant trustee failed to exercise the care and prudence that a trustee should have exercised in the investment of the trust fund in said guaranteed mortgage certificate." The evidence established and the fact is conceded that the entire corpus of the trust fund, amounting to $25,000, was invested in a single mortgage certificate. The settlor of the trust, after authorizing a temporary investment for ninety days of a specified character, stated (Defendant's Exhibit B) that it was " understood " at the end of that time that the trustee was to invest in " five (5) year mortgage certificates " issued by a named title company. The settlor, therefore, specifically required diversity in the investment; she said " certificates." Apart from that the law likewise imperatively requires diversity. (Durant v. Crowley, 197 App. Div. 540; affd., 234 N. Y. 581; Matter of Flint, 240 App. Div. 217, 228; affd., 266 N. Y. 607; Matter of Curtiss [Sanford Trust], ante, p. 964, decided March 3, 1941.) Whether a corporate trustee is negligent is to be determined by the ordinary rule of duty of an individual trustee. The obligation of a trustee is to act with prudence, foresight, vigilance and good faith and to refrain from negligent acts of commission or omission. (Matter of Flint, supra, p. 225.) The character of the investment here is not seriously defended. The making of it is sought to be justified on the ground that the trustee had a right, as a matter of law, to rest on the assurances and representations of the title company with which it dealt. These grounds of justification do not touch the breach of duty by the trustee in respect of making the investment of such a large sum, representing the entire corpus of the trust fund, in a single security. The trustee in doing so was grossly negligent as a matter of fact and as a matter of law. An additional finding of fact and conclusion of law to this effect will be made. This court is " not confined to the grounds upon which the decision below is based and must render the decision the law and justice require." (Logan v. Guggenheim, 230 N. Y. 19, 22.) Carswell, Johnston and Adel, JJ., concur; Hagarty, J., dissents,

with the following memorandum; I dissent and vote to reverse on the law and the facts, with costs, the interlocutory judgment directing the defendant to account to a substituted trustee for principal and interest, and to dismiss the complaint on the law, with costs. The trustee was entitled to rely as a matter of law upon the assurance and representations of the Lawyers Westchester Mortgage and Title Company, then in good standing, that its guaranteed mortgage certificates were proper and legal investments within the requirements of section 21 of the Personal Property Law, and the trustee was under no obligation and was not required to make independent investigation of the worth of collateral or underlying security. (*Mills* v. *Bluestein*, 275 N. Y. 317; *Matter of Stupack*, 274 id. 198; *Matter of Smith*, 279 id. 479; *Matter of People* [*Tit. & Mtge. Guar. Co.*], 264 id. 69.) The foregoing authority, in my opinion, disposes as well of the claim that appellant was guilty of a breach of duty in failing to diversify the investments. In *Matter of Nugent* (280 N. Y. 505), one of the objections to the account of the trustee, the dismissal of which was affirmed, was " that the investments for the trust estate were not sufficiently diversified." The case on appeal shows that the objection was based on the fact that $50,000 of the $75,000 trust fund was invested in a single mortgage. In the case we are reviewing, the letter of the settlor is to the effect that reliance was directed to be predicated primarily on certificates of the specified title company. There was no prohibition against investment in one certificate. If the question of diversification had been raised on the trial, it might well have been shown that an investment based on an entire mortgage is generally sounder than one based on participating interests in various mortgages. The facts are that the question of diversification was not raised as an issue upon the trial and the determination appealed from was made without reference thereto. We should not make a new finding for the purpose of affirming this judgment on an issue which appellant was never called upon to defend or given an opportunity to meet. Lazansky, P. J., concurs with Hagarty, J. Settle order on notice.