Per Curiam.

The question of the appealability of the order under review is resolved in appellant’s favor. An order striking affirmative defenses for legal insufficiency is appealable under section 57 of the New York City Court Act, under which section an order made in a City Court action may be appealed in the same instances in which an order made in a Supreme Court action may be appealed to the Appellate Division, except that no provision is made for appeals from an order in the City Court which determines a statutory provision of the State to be unconstitutional (9 Carmody-Wait on New York Practice, § 11, p. 645).
Inasmuch as the order under review was a so-called “ short form ” order, made and entered by the court itself, the filing of the notice of appeal on April 5, 1957, was timely since the respondent never served a copy thereof with notice of entry upon the appellant (Matar v. Morton, 3 A D 2d 407). He did not waive his right to review the order by stipulating to go to trial as a condition for receiving an adjournment and by actually going to and participating in the trial, which resulted in a mistrial. Had judgment on the merits been rendered against him, he could have sought to review the intermediate order dismissing his defenses, by specifying it in his notice of appeal from the judgment entered after trial (Civ. Prac. Act, § 580; Coffey v. Lexow, 198 App. Div. 791).
The defenses struck out by the court below must be weighed solely in light of the allegations of the complaint (Autokefalos Orthodox S. C. v. City of Mt. Vernon, 285 App. Div. 1175); the affidavits submitted in connection with the last branch of plaintiff’s motion — for summary judgment — may not be considered in determining whether the defenses are legally sufficient (Monica Realty Corp. v. Bleecker, 229 App. Div. 184; Romaneck v. Bauer, 250 App. Div. 734). Thus read, the affirmative matter as now pleaded is insufficient. The complaint seeks to recover the sum of $5,000 for necessaries allegedly furnished by the respondent both prior and subsequent to the New Jersey decree of divorce. Pacts showing compliance with that decree may lie alleged as a partial defense (Civ. Prac. Act, § 262) to so much of the necessaries as may have been furnished subsequent to the decree (Turner v. Woolworth, 221 N. Y. 425, 429; Karminski v. Karminski, 260 App. Div. 491). Respondent’s alleged refusal, prior to that decree, to accept support tendered by the appellant may be alleged by way of a partial defense to *530 so much of the complaint as seeks reimbursement for necessaries claimed to have been furnished prior to the decree. In light of the evidence adduced at the trial, respondent’s alleged refusal to accept support may constitute acquiescence in appellant’s failure to meet his obligation or, at least, tend to show that the respondent voluntarily maintained the child without reasonable expectation of reimbursement (see Swanton v. Curley, 273 N. Y. 325, 329). In any event, since it is doubtful whether these matters may be proved under a general denial, they may be alleged affirmatively. (Steinberg v. Levy, 139 Misc. 453.)
The resettled order, dated November 13, 1956, should be modified, without costs, to the extent that within 10 days from the service of the order to be entered herein the appellant may serve an amended answer, in which he may allege as partial defenses (1) his compliance with the New Jersey decree of divorce and (2) respondent’s refusal to accept support allegedly tendered by the appellant during the period prior to said decree. As thus modified, the order should be unanimously affirmed.
Pette, Haet and Di Gtovamta, JJ., concur.
Resettled order modified, etc.