■ ARTHUR J. KING, Appellant, v. TOWN OF OYSTER BAY et al., Respondents, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from (a) a judgment dismissing the complaint on default at a Trial Term, (b) so much of an order dated September 17, 1956, opening the default, as requires appellant to pay each respondent $50 costs and his or its actual disbursements, and (c) an order dated November 5, 1956, denying appellant's motion to vacate said judgment and to modify the order dated September 17, 1956. Order dated November 5, 1956 modified by striking from the ordering paragraph " denied " and by substituting therefor " granted to the extent of modifying the order dated September 17, 1956, by adding after the words ' each defendant ', the following: ' as incurred in connection with his or its attendance in court and in connection with the attendance in court of his or its attorneys and witnesses ' ". As so modified, order unanimously affirmed, without costs. Order dated September 17, 1956 modified accordingly. As so modified, order insofar as appealed from unanimously affirmed, without costs. Appeal from judgment dismissed, without costs. No appeal lies from a default judgment (Civ. Prac. Act, § 557, subd. 1; *Burn* v. *Coyle*, 258 App. Div. 618, affd. 284 N. Y. 789; 8 Carmody-Wait on New York Practice, pp. 508–511). In our opinion, the terms imposed by the Special Term as a condition for opening the default, insofar as they exceed the sums hereinabove provided, are excessive. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ IRVING A. LEVINE, Appellant, v. HENRY I. LEVINE et al., Respondents. — In an action to impress a trust upon the proceeds of certain life insurance policies, and for incidental relief, the appeal is from a judgment dismissing the amended complaint after trial. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ. [See *post,* p. 836.]