(March 16, 1959)

■ TERESA ASPROMONTE, Appellant, v. JOHN ASPROMONTE, Respondent, et al., Defendant.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ. Motion for reargument and for other relief denied, without costs. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ ALLAN A. LISS, an Infant, by ABRAHAM LISS, His Guardian ad Litem, et al., Respondents, v. McCRORY STORES CORPORATION et al., Respondents. LEONARD ROBBINS, Appellant.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ. Motion to resettle order filed December 23, 1958, on decision of December 8, 1958, granted. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ IZZIE MILBERG, Appellant, v. ISIDORE NAGLER et al., as Holders of the Funds of the Retirement Fund of the Coat and Suit Industry in the New York Metropolitan Area, Respondents.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ CATERINA PAONE, Individually and as Administratrix of the Estate of GIUSSEPPE PAONE, Deceased, Respondent, v. LONG ISLAND RAILROAD CO., INC., Defendant, and MASTRO CONSTRUCTION CORP. et al., Appellants.—Motion to dismiss appeal granted, without costs, and appeal dismissed. A party may not appeal from an order made upon his default (Civ. Prac. Act, § 557, subd. 1; Burn v. Coyle, 258 App. Div. 618, affd. 284 N. Y. 789; Matter of Conklin [Sperry], 7 A D 2d 743). Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ MARION ANTERIO, Respondent, v. JOSEPH ANTERIO, Appellant.— Appeal from an order of the Domestic Relations Court of the City of New York, Family Court Division, Kings County, which denied appellant's motion for a rehearing and a modification of a prior order of said court directing him to pay $50 a week for the support of respondent and the infant son of the parties based on appellant's potential earnings of $100 a week. Order reversed, and proceeding remitted to the Domestic Relations Court for a further hearing as to the financial circumstances of the respective parties, including testimony as to what disposition respondent has made as to the $5,000 in weekly payments received from the former business and with respect to the $5,000 in shares of the former business. On this record it does not appear that the court took into consideration the financial status of respondent or her earnings. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.