Bertram Harnett, J.
The Insalacos ’ separation agreement reads, in part, that the husband will pay additional alimony if his: “ annual net income shall be increased in any ensuing year in the amount of $2500 or more than is now reflected in his 1963 Federal Income Tax Return ’ ’.
In a prior decision, the court ruled that net income in that context meant gross income less expenses of producing income less income taxes. In short, the court ruled the clause meant net income after taxes. The wife now seeks reargument claiming it means net income before taxes.
The wife’s motion for leave to reargue is granted, and upon reargument, the court adheres to the determination reached in its memorandum decision dated July 30, 1970.
Mrs. Insalaco argues on this motion that Broderson v. Broderson (30 A D 2d 675) has been misconstrued by the court and is not controlling on the question of defining the term ‘1 net income ” as used by the parties in their separation agreement. The court does not agree with plaintiff’s interpretation of the Broderson case, as written by the Appellate Division, Second Department, but holds in any event that the same result would prevail even were Broderson not controlling.
The dispute centers about the meaning of the term “net income” as “reflected in * * * the 1963 Federal Income Tax Return ”. However, the 1963 tax return form does not use the phrase “net income ” except for an obscure and irrelevant reference on one line of Schedule C-3, the social security *675 tax computation form, which ultimately reduces to the notion of “ self-employment income ” and a tax. On the face of the 1963 return, where all results are aggregated, there is simply a reference on line 9 to “ total income ”. After the line for subtracting deductions from ‘ ‘ total income ’ ’ there is no characterization at all as to the resultant total. Moreover, the bottom line of Schedule C, the business or professional income schedule, merely recites “ net profit (or loss) ”. The tax return does not reflect net income so much as to provide information necessary to infer it. Accordingly, the tax return form itself then is not helpful.
Since the contract is not plain in meaning, and the drafting attorneys predictably disagree as to its intent, the court must construe the agreement. The construction given by the parties themselves in the six-year interval since the agreement became effective would on the surface seem significant in this respect. While the term “ net income” will sometimes he given the interpretation which the parties have placed on it in prior computations (Clark v. Dodge, 28 N. Y. S. 2d 442, affd. 261 App. Div. 1086), part of the problem here is that the computation has been apparently ignored in the past. The court is constrained to observe here that absolutely no recorded claim for supplementary alimony .under the provision in question was ever made by Mrs. Insalaco until this proceeding and, as the record demonstrates, the point was in fact first raised by the court on its own initiative towards the end of the proceeding. The court’s subsequent review of the tax returns, so far as they were made available, suggests that on the pretax basis sought by the wife, additional alimony would have been payable under her contractual construction in all but possibly one of the years. Under the husband’s contentions, additional alimony would have been paid for all but possibly two or three of the years.
What then is the measure of net income appropriate to this case? As has been aptly stated by one court: “ ‘ Net income ’ is an elusive term, and often remains so despite elaborate attempts to define it ”. (Hawaii Consol. Ry. v. Borthwick, 105 F. 2d 286, 288.)
In common usage, the term is customarily used as part of the phrase ‘ ‘ net income before taxes ” or ‘ ‘ net income after taxes ’ ’. (See Faris, Accounting for Lawyers, p. 40 [1964].) Some authorities hold that the term refers to 11 the difference between the revenue derived from performing services and all the expenses of conducting the enterprise ” and indicates that those expenses include taxes. (Tunick and Saxe, Fundamental Accounting, pp. 78, 254, 255 [1956].) Doubtless, the purpose *676 for which the computation is made figures prominently in its definition.
On the current form of Federal tax return, gross income less expenses of producing that income, but not taxes (which is the wife’s net income contention here), is known as “ adjusted gross income ” (1 Babkin and Johnson, Federal Income, Gift and Estate Taxation, § 1.07) and so marked on the 1969 tax form (line 15c).
The persuasive point to the court is the principle behind the escalating type of alimony provision keyed to income. The theory is that when the husband has greater means to pay he should pay more. It is the fund available to the husband which is to be charged, and since the husband obviously does not keep the sums paid in taxes, he should not be charged with them as available to share with his wife.
The husband would be entitled to a deduction for his alimony payments, and accordingly he pays no tax on those sums. The supplementary payments are, in reality, payments of income undiminished by tax and the tax is paid only on the retained portions.
The agreement fixes supplementary payments, where due, for 1964 and ensuing years. Therefore, if there is reflected on the 1964 tax return, which is prepared and filed in 1965, enough additional net income using these rules to warrant supplementary payment, such payment will be made in 1965. The supplementary payment, made during 1965, will be recorded and deducted, ultimately leading to a reduction in tax liability on the 1965 tax return prepared and filed in 1966; and the same principle will recur each subsequent year.